JOHNNIE FLETCHER HUSSEY v. JOE DALTON CHEEK

No. 7620SC368

(Filed 6 October 1976)

**Judgments § 44— acquittal of criminal assault — subsequent action for civil assault**

> Plaintiff is not estopped to proceed in a civil action for assault by defendant's acquittal of a criminal assault arising out of the same occurrence since the parties in the two proceedings are not the same, the State and plaintiff are not in privity, and the burden of proof in the two trials is different.

APPEAL by plaintiff from *Collier, Judge.* Order entered 26 January 1976 in Superior Court, MOORE County. Heard in the Court of Appeals 14 September 1976.

In the action to recover for personal injury plaintiff alleges that on 6 July 1974 the defendant wilfully and maliciously shot him in the chest with a handgun which resulted in permanent injury.

Defendant in his answer alleged that criminal charges had been brought against him for the shooting of 6 July 1974; that he had pleaded self-defense; and that in Superior Court a jury had acquitted him of all charges. Defendant pled that plaintiff was estopped to proceed in this civil action by defendant's acquittal on the criminal charges in Superior Court.

Defendant moved for summary judgment on the ground of collateral estoppel by reason of his former acquittal. At hearing defendant introduced a transcript of the trial in which he was acquitted by the jury at the 2 December 1974 Criminal Session of the Superior Court of Moore County on the charge of assaulting the plaintiff with a deadly weapon with intent to kill inflicting serious injury. From summary judgment plaintiff appealed.

*Ottway Burton from plaintiff appellant.*

*Seawell, Pollock, Fullenwider, Van Camp & Robbins, P.A., by James R. Van Camp and Bruce T. Cunningham for defendant appellee.*

CLARK, Judge.

The issue presented is whether collateral estoppel may be applied to the issue of self-defense in a civil assault case when

Hussey v. Cheek

the defendant has previously been acquitted of a criminal assault arising out of the same occurrence.

In a recent decision, *Tidwell v. Booker,* 290 N.C. 98, 225 S.E. 2d 816 (1976), (three judges dissenting), rev'g 27 N.C. App. 435, 219 S.E. 2d 648 (1975), the Supreme Court of North Carolina held that in a civil proceeding by the mother to have the defendant declared the father of her illegitimate child and to require child support of defendant, the prior conviction of the defendant in a criminal prosecution for bastardy did not estop the defendant in the present action to deny paternity. The court stated, "Thus, we conclude that, for the reason that the parties to the criminal and civil proceedings are not the same and the State and this plaintiff are not in privity, the defendant is not estopped in the present action to deny paternity . . . . " 290 N.C. at page 114.

Though plaintiff in the present action was the "prosecuting witness" in the criminal prosecution and plaintiff's attorney in the present action was "private prosecutor" in the criminal prosecution, under the ruling in *Tidwell,* the parties to the criminal and civil proceedings are not the same, and the State and plaintiff are not in privity. The plaintiff in this civil action for personal injury resulting from assault and battery by the defendant is not estopped by the acquittal of the defendant in the criminal prosecution for the same alleged assault.

This same result may be reached in the present case by focusing on the burdens of proof in the two trials. In the criminal action the burden was on the State to prove the absence of self-defense beyond a reasonable doubt. *State v. Fletcher,* 268 N.C. 140, 150 S.E. 2d 54 (1966). In the civil action the burden was on the defendant to prove self-defense by the greater weight of the evidence. *Roberson v. Stokes,* 181 N.C. 59, 106 S.E. 151 (1921). In no way can the State's failure to carry its burden in the criminal case be dispositive of the defendant's burden in the civil case. When the burden of proof at the second trial is less than at the first, the failure to carry that burden at the first trial cannot raise an estoppel to carrying the lesser burden at the second trial.

The summary judgment for defendant is

Reversed and this cause remanded.

Judges BRITT and PARKER concur.