LINDA F. SMITH v. RALPH LEE BURDEN

No. 768DC312

(Filed 6 October 1976)

Bastards §§ 3, 8; Judgments § 44— criminal conviction for nonsupport of
child — subsequent civil action for child support — question of paternity

A prior criminal conviction of failure to support an illegitimate
child was not conclusive as to paternity in a civil action for support
of the child, and the warrant, verdict and prayer for judgment con-
tinued from the prior criminal action were incompetent on the question
of paternity in the civil action.

APPEAL by petitioner from *Hardy, Judge.* Judgment en-
tered 29 December 1975 in District Court, WAYNE County.
Heard in the Court of Appeals 31 August 1976.

On 8 November 1965, Linda Artis (now Linda Smith)
swore out a warrant in Wayne County charging Ralph Lee
Burden with the criminal offense of willfully failing and refus-
ing to provide support and medical expenses for his illegitimate
child, Raimon LeVell Artis, born 17 September 1965 to Linda
Artis (Smith), then unmarried. In that proceeding defendant
pleaded not guilty. Judge Gaylor found defendant guilty on 15
December 1965 and continued prayer for judgment for two years
conditioned upon defendant's paying court costs, medical bills
for the birth of the child, and support payments of $30.00 per
month commencing 15 December 1965. No final judgment has
ever been entered in this action.

Smith v. Burden

On 3 November 1975 Linda Smith filed a petition under the Uniform Reciprocal Enforcement of Support Act (Chapter 52A of the General Statutes of North Carolina) seeking support for the illegitimate child of the petitioner and respondent, Ralph Lee Burden. Respondent moved to dismiss the action. Judge Hardy made the following findings of fact:

"1. That an action was instituted by the petitioner against the defendant in this Court in November 1972 (72CVD2237), which said action was dismissed because of the failure of the petitioner to show a judicial determination of paternity of the child; and a further action having been instituted in March 1974 (74CVD717) and the same having been dismissed upon motion of the defendant.

"2. That the only record evidence connecting the defendant, Ralph Lee Burden, with paternity of the petitioner's child are:

"(a) A warrant attached to said petition charging the defendant with nonsupport but fails to allege that he is the father of said child, which said warrant was brought in the County Court of Wayne County designated case No. G 3787, dated November 8, 1965.

"(b) A judgment entered in said action by Charles Gaylor presiding Judge, making an adjudication of guilty dated December 15, 1965, and continuing prayer for judgment for two years, a copy of which is also attached to the petition.

"3. That it is apparent from the record that no final judgment has ever been entered in this matter; that the time for entry of judgment expired in December 1967.

"4. That the record evidence fails to show that there has ever been a judicial determination that the defendant is the father of the petitioner's child."

On 29 December 1975, Judge Hardy dismissed the petition on the grounds that there had been no judicial determination of respondent's paternity. From this judgment granting dismissal, petitioner appeals. Respondent did not file a brief or make an appearance in this appeal.

Smith v. Burden

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for petitioner.*

*No appearance for respondent.*

BROCK, Chief Judge.

The petitioner argues on appeal that Judge Hardy was in error in finding that there had been no judicial determination of paternity in the 1965 criminal action against respondent brought under G.S. 49-2. Petitioner further argues that the 1965 criminal action conclusively establishes respondent's paternity in the present action. Judge Hardy dismissed the petition on the ground that there had never been a judgment in the prior criminal action. We find it unnecessary to rule on his conclusion because whether his reasoning is correct or not, the result is correct. Petitioner is not entitled to relief in this action.

An action for support of illegitimate children under Chapter 52A of the General Statutes is a civil action. *Childers v. Childers,* 19 N.C. App. 220, 198 S.E. 2d 485 (1973); *Cline v. Cline,* 6 N.C. App. 523, 170 S.E. 2d 645 (1969). In such an action paternity must be judicially determined to warrant relief. G.S. 52A-8.2. Prior criminal conviction of failure to support illegitimate children is not conclusive as to paternity in a subsequent civil action for support of the same children. In the subsequent civil action, the putative father is entitled to have the issue of paternity litigated. *Tidwell v. Booker,* 290 N.C. 98, 225 S.E. 2d 816 (1976).

In the case at bar petitioner presents no evidence whatsoever of respondent's paternity except the warrant, verdict, and prayer for judgment continued from the prior criminal action. Under *Tidwell* such evidence is incompetent; therefore, petitioner has not met the requirements of Chapter 52A as to proof of paternity and is not entitled to relief.

Affirmed.

Judges PARKER and ARNOLD concur.