STATE OF NORTH CAROLINA v. KENNETH WAYNE BEASLEY

No. 8110SC1137

(Filed 4 May 1982)

**Bastards § 3; Constitutional Law § 20— willful nonsupport of illegitimate—statute of limitations—constitutionality**

  The three-year statute of limitations of G.S. 49-4(1) for prosecutions under G.S. 49-2 for willfully failing to support an illegitimate child does not violate the equal protection rights of illegitimate children since the statute of limitations on criminal proceedings does not affect the illegitimate child's right to recover in a civil action. Furthermore, the State had no standing to question the constitutionality of the statute. G.S. 49-14 and G.S. 49-15.

APPEAL by the State of North Carolina from *Herring, Judge.* Order entered 9 July 1981 in Superior Court, WAKE County. Heard in the Court of Appeals on 6 April 1982.

Defendant was charged in a criminal summons issued 4 May 1981 with willfull nonsupport of his illegitimate child in violation of G.S. § 49-2. The summons alleged that the child was born on 7 September 1977. Defendant moved to dismiss the charge on the grounds that the three-year statute of limitations on prosecutions under G.S. § 49-2, contained in G.S. § 49-4(1), had run. The district court granted the motion to dismiss, and the State appealed the decision to superior court. From the superior court's order affirming the district court and dismissing the charge with prejudice, the State appealed to this Court.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Clifton H. Duke, for the State.*

*Canaday & Canaday, by C.C. Canaday, Jr., and Claude C. Canaday, III, for defendant appellee.*

HEDRICK, Judge.

The State argues that the G.S. § 49-4(1) three year statute of limitations for prosecutions under G.S. § 49-2 violates the Equal Protection Clause of the federal constitution in that it prescribes a limitations period for the prosecution of persons who willfully fail to support their illegitimate children whereas there is no limitations period for the prosecution under G.S. § 14-322(d) of persons who willfully fail to support their legitimate children. Citing *County of Lenoir ex rel. Cogdell v. Johnson,* 46 N.C. App. 182, 264 S.E. 2d 816 (1980), the State contends that G.S. § 49-4(1) constitutes an impermissible legislative discrimination against illegitimate children, in that it "constitutes an impenetrable barrier to enforcing the illegitimate child's statutory right to parental support through criminal proceedings."

The illegitimate child has no statutory right to parental support through criminal proceedings; rather, such child's right to parental support is enforced by an action under G.S. § 49-14, entitled "Civil action to establish paternity," and G.S. § 49-15, which imposes a support obligation on persons determined to be the parents of an illegitimate child. The function of a criminal prose-

cution of a parent who willfully fails to support his illegitimate child is not to compensate the illegitimate child, but to promote society's interest in preventing the parents of children from willfully leaving those children without parental support. The actions to enforce the child's right to support under G.S. § 49-14, -15 are civil actions; a prosecution of a parent for willful nonsupport under G.S. § 49-2 is a criminal proceeding. The distinction between the two is explained in *State Highway and Public Works Commission v. Cobb*, 215 N.C. 556, 558, 2 S.E. 2d 565, 567 (1939) as follows:

> "The distinction between a tort and a crime with respect to the character of the rights affected and the nature of the wrong is this:
>
> A tort is simply a private wrong in that it is an infringement of the civil rights of individuals, considered merely as individuals, while a crime is a public wrong in that it affects public rights and is an injury to the whole community, considered as a community, in its social aggregate."
>
> "Crime is an offense against the public pursued by the sovereign, while tort is a private injury pursued by the injured party." [Citations omitted.]

Since the statute of limitations on the criminal proceedings does not affect the illegitimate child's right to recover in a civil action, unlike the discriminatory statute of limitations on an illegitimate's civil action which was invalidated in County of Lenoir, *supra*, there is no violation of equal protection. The parties to the present case are the State and the defendant; there has been no showing that either's rights to equal protection are impaired by the challenged statute of limitations, nor is it clear how a state could ever be the victim of an equal protection violation by its own legislation. No illegitimate children are parties. The State is attempting to assert the equal protection rights of illegitimate children, but even if the challenged statute did offend such rights, "[t]he general rule is that 'a person who is seeking to raise the question as to the validity of a discriminatory statute has no standing for that purpose unless he belongs to the class which is prejudiced by the statute.'" *Appeal of Martin*, 286 N.C. 66, 75, 209 S.E. 2d 766, 773 (1974). The State's assignment of error is without merit.

Affirmed.

Judges HILL and BECTON concur.