WILKES COUNTY, By and Through Its Child Support Enforcement Agency, *Ex Rel.* SHIRLEY WHITAKER NATIONS and BETTY WHITAKER, Plaintiff v. JUNIOR GENTRY, Defendant

No. 8223DC508

(Filed 2 August 1983)

Bastards § 1— failure to support illegitimate child—prior criminal action establishing paternity and ordering lump sum settlement

> Summary judgment was improperly entered for defendant and should have been entered for the plaintiff in an action to establish the paternity of a minor child, to recover for past public assistance paid for the child's support, and to order the defendant to pay continuing child support. A 1974 guilty plea by the defendant to a criminal charge of nonsupport of an illegitimate child, and an order to pay a lump sum plus medical expenses to the child's mother for the child's benefit, did not bar the subsequent civil action by a county social services department for child support.. G.S. 49-7; G.S. 49-2; G.S. 110-135; G.S. 110-129(3); G.S. 110-137; G.S. 49-15; and G.S. 50-13.4(b) and (c).

> Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Osborne, Judge.* Judgment entered 15 March 1982 in District Court, WILKES County. Heard in the Court of Appeals 17 March 1983.

This case is an attempt to establish the paternity of a minor child, to recover for past public assistance paid for the child's support, and to order the defendant to pay continuing child support.

The minor child was born on 27 September 1973 to Shirley Darlene Whitaker [now Nations]. Although the defendant denies

paternity, the record contains a certified copy of a guilty plea by him to nonsupport of an illegitmate child on 27 June 1974. That 1974 criminal action, which was initiated by the child's mother, resulted in an order that prayer for judgment be continued on the condition that the defendant pay a lump sum settlement of $2,500 to the mother and the hospital and doctor expenses incident to the child's birth.

An affidavit of the Child Support Enforcement Officer of Wilkes County indicates that the Wilkes County Department of Social Services is paying $127 per month for the support of the minor child and had paid a total of $1,352.50 by 26 February 1982.

The defendant's answer denied paternity and pled the statute of limitations as a bar. Although the defendant offered no evidence, the trial judge granted his motion for summary judgment and denied a similar motion by the plaintiff. From this ruling, the plaintiff appealed.

*Paul W. Freeman, Jr. for plaintiff-appellant.*

*Franklin Smith for defendant-appellee.*

ARNOLD, Judge.

The issue here is if a 1974 guilty plea by the defendant to a criminal charge of nonsupport of an illegitmate child, and an order to pay a lump sum plus medical expenses to the child's mother for the child's benefit, is a bar to a subsequent civil action by a county social services department for child support.

Because we find that the trial judge entered summary judgment for the wrong party, we reverse the judgment below. To understand our decision, a review of when this remedy should be used is helpful.

Summary judgment under G.S. 1A-1, Rule 56(c) is proper when there is "no genuine issue as to any material fact. . . ." This remedy "does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists." *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980) (emphasis in original). "[I]ts purpose is to eliminate formal trials where only questions of law are involved. . . . Where there is no genuine issue as to the facts, the presence of important or

difficult questions of law is no barrier to the granting of summary judgment." *Kessing v. Mortgage Co.,* 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). *See also,* W. Shuford, N.C. Civil Practice and Procedure § 56-7 (2d ed. 1981).

## I. *Paternity Question*

The plaintiff argues that the criminal action established that the defendant is the child's father and should estop further litigation on that question. At the same time, it argues that it can still seek support, even though the criminal action required the defendant to pay a lump sum award.

The defendant contends, however, that the plaintiff is estopped from recovering in this civil action on the same issues against him because of the lump sum payment resulting from the criminal judgment.

We first note that the 1974 criminal action determined implicitly that the defendant was the parent of the minor child. The order of judgment specifically states that the lump sum payment was being ordered pursuant to G.S. 49-7. That statute states in relevant part:

> The court before which the matter may be brought *shall* determine whether or not the defendant is a parent of the child on whose behalf the proceeding is instituted. After this matter has been determined in the affirmative, the court shall proceed to determine the issue as to whether or not the defendant has neglected or refused to provide adequate support and maintain the child who is the subject of the proceeding. After this matter shall have been determined in the affirmative, the court shall fix by order . . . a specific sum of money necessary for the support and maintenance of the particular child who is the object of the proceedings.

(Emphasis added.) An affirmative answer to the paternity question is an indispensable prerequisite to the defendant's conviction under this statute. *Tidwell v. Booker,* 290 N.C. 98, 110, 225 S.E. 2d 816, 823 (1976).

G.S. 49-7 is a part of Article I of Chapter 49. Another portion of that article, G.S. 49-2, states: "Any *parent* who willfully neglects or who refuses to provide adequate support and maintain

his or her illegitimate child shall be guilty of a misdemeanor. . . ." (Emphasis added.) G.S. 49-2 is a criminal statute. *State v. Beasley*, 57 N.C. App. 208, 290 S.E. 2d 730, *disc. rev. denied*, 306 N.C. 559, 294 S.E. 2d 225 (1982).

Thus, the outcome of the case *sub judice* depends on whether the implicit determination of paternity in a prosecution by the State under Article 1 of G.S. 49 when the defendant pled guilty should estop a county social services department from seeking a subsequent determination of paternity and an order to pay child support.

Although it could be argued that the criminal judgment might be entitled to *res judicata* effect in this action because the parties to the two suits were the same, *i.e.*, the State prosecuted the defendant in the criminal action and the State, through its subdivision Wilkes County, brought this action, it is unnecessary for us to make such a holding. Instead, we give collateral estoppel effect to the implicit determination of paternity in the criminal action.

Collateral estoppel should be applied to an issue that was involved, litigated, and judicially determined in the prior action and when the prior judgment was dependent upon determination of the issue. *King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E. 2d 799, 806 (1973).

As stated above, the criminal judgment here was dependent on a determination of paternity, although it was not explicitly stated. The collateral estoppel effect of the paternity issue is not affected by the fact that the conviction was based on a guilty plea. *See* 1B Moore's Federal Practice ¶ 0.418[1] (2d ed. 1982); 18 C. Wright, Federal Practice and Procedure § 4474 (1981).

The defendant relies on *Tidwell* and *Smith v. Burden*, 31 N.C. App. 145, 228 S.E. 2d 662 (1976), for the proposition that he can relitigate the paternity issue here. But those cases are distinguishable in two important ways.

First, the defendants there pled not guilty, unlike here, where the defendant pled guilty. Second, the plaintiffs in the civil suits in *Tidwell* and *Smith* were the mothers, not a county, which is a subdivision of the State. These factual differences make *Tidwell* and *Smith* inapplicable in the case *sub judice*.

## II. *Past support paid by the plaintiff*

After concluding that the prior determination of paternity should be given collateral estoppel effect, we now must decide if the defendant is liable to the plaintiff for past support.

G.S. 110-135 states in relevant part:

> Acceptance of public assistance by or on behalf of a dependent child creates a debt, in the amount of public assistance paid, due and owing the State by the responsible parent or parents of the child. . . . [A]ny county within the State which has provided public assistance to or on behalf of a dependent child shall be entitled to share in any sum collected under this section. . . .

The defendant here is a "responsible parent" under G.S. 110-129(3).

By accepting the public assistance, the recipient is deemed to have assigned to the county who gave the assistance the right to any child support owed up to the amount of public assistance. The county is subrogated to the right of the person having custody to recover any payments ordered by the courts of this State. G.S. 110-137. *See Cox v. Cox,* 44 N.C. App. 339, 341, 260 S.E. 2d 812, 813 (1979).

Because the debt for assistance paid by Wilkes County did not arise until after the 1974 criminal judgment, the County is not estopped from seeking repayment of the child support that it paid to the mother. As a result, the defendant father should reimburse the plaintiff Wilkes County for the public assistance that it has rendered up until this point. The plaintiff is subrogated to the mother's right to recover this amount under G.S. 110-137.

## III. *Future Child Support*

Finally, the plaintiff in this action seeks an order that would require the defendant to pay future child support. The defendant argues that the prior criminal proceeding bars such a recovery. We disagree.

The criminal proceeding only disposed of the defendant's willful nonsupport of the minor child until the judgment rendered in that 1974 action. He was ordered to pay certain sums of money

as a condition of a prayer for judgment continued. But that judgment and any sums paid pursuant to it did not satisfy his continuing support obligation.

The plaintiff's complaint sought to have the defendant declared to be the minor child's father and a support order under Article 3 of G.S. 49. G.S. 49-15, which is a part of Article 3, states:

> Upon and after the establishment of paternity of an illegitimate child pursuant to G.S. 49-14, the rights, duties, and obligations of the mother and the father so established, with regard to support and custody of the child, shall be the *same*, and may be deteremined and enforced in the *same manner*, as if the child were the *legitimate* child of such father and mother. (Emphasis added.)

An action separate from the one brought under Article 3 of G.S. 49 is not required. As *Tidwell* stated, "Clearly, this statute contemplates that such rights may be determined and enforced in the action brought pursuant to G.S. 49-14. . . ." 290 N.C. at 115, 225 S.E. 2d at 826.

G.S. 50-13.4(b) places the primary liability for the support of a legitimate minor child on both parents. Other circumstances may be considered, including the relative ability of the parties to pay. G.S. 50-13.4(c). These sections should be considered here in determining the defendant's liability for the support of the minor child. G.S. 49-15. *See* R. Lee, N.C. Family Law § 251 (4th ed. 1981).

Because no findings were made below about the child's reasonable needs and the father's ability to pay them, we remand for such findings.

### IV. *Summary judgment for the plaintiff*

We note that G.S. 1A-1, Rule 56 provides for summary judgment in favor of the plaintiff in appropriate cases even when the motion was oral, as in this case.

In addition, G.S. 1A-1, Rule 56(d) allows for a partial summary judgment when there is no genuine issue as to a material fact on part of the issues. When this case is returned for a determination of the amount of the child's reasonable needs and the defendant's ability to pay them, the other issues on which we

have entered summary judgment for the plaintiff are deemed established. *See* W. Shuford, *supra*, at § 56-10.

In summary, we hold that summary judgment was improperly entered for the defendant and should have been entered for the plaintiff. But we remand for a finding on the reasonable needs of the minor child and the ability of the defendant to pay them.

Reversed and remanded.

Judge BECTON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the majority has misapplied the collateral estoppel doctrine; not by ruling that the defendant is estopped to deny that he is the child's father, as the 1974 proceeding established, but by failing to also give effect to the other adjudication made in that proceeding. The same judgment, it seems to me, that estops the defendant on the paternity issue because it recites his plea of guilty to bastardy also estops the State, the mother, and the plaintiff subrogee on the obligation to pay issue, because it recites that the plea was part of a negotiated lump sum settlement made with the State and the child's mother, and approved by the court pursuant to G.S. 49-7. Furthermore, the judgment relied upon by the plaintiff to establish its case also establishes that another court has continuing control over defendant's obligation to the child and has had ever since the judgment was rendered; and that therefore any relief that the plaintiffs are entitled to must be obtained through that court, in that proceeding, if at all.

Though some judges and lawyers take the view that bastardy cases cannot be settled because of the child's right to support during minority, I am of the opinion that any criminal case can be settled through plea bargaining and that the lump sum payment proviso included in G.S. 49-7 was put there by the Legislature for the purpose of facilitating the settlement of disputed bastardy cases. Explicit in the judgment rendered is that extracting nearly $3,000 from the defendant in exchange for

his chance to escape scot-free was in the best interest of the State, the mother and the child; and I see nothing in the judgment to support the belief that the lump sum agreed to and ordered merely discharged defendant's obligations up to that time. On the contrary, it seems to me, the judgment was a final disposition of the defendant's obligation to contribute to the support of the child, *subject only to the power of the court in that case, as the statute expressly permits, to require additional payments of him if and when the circumstances warrant.* Since the Superior Court of Wilkes County, which determined what amount defendant should pay for the support of the child, still has control of the matter, plaintiffs' action in another and subordinate court cannot lie; which is another reason why the judgment below dismissing this case was correct.