JOHN WESLEY SETTLE, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, MARK E. SULLIVAN v. KENNETH WAYNE BEASLEY

No. 67PA83

(Filed 3 November 1983)

**Bastards § 10; Judgments § 36.2— paternity action—no estoppel by prior judgment in county's action**

> The minor plaintiff in an action to establish paternity and obtain support was not collaterally estopped by a judgment finding that defendant was not plaintiff's father entered in an action to establish paternity brought in the mother's name by the Child Support Enforcement Agency of Johnston County since (1) the real party in interest in the prior action was the county; (2) the minor plaintiff was not in privity with the county in the prior action because (a) the interests of the minor plaintiff in having his paternity adjudicated were not identical with the county's interest in the prior action in that the county's interest was solely economic, and interests of the minor plaintiff affected by the paternity adjudication are his rights to support, inheritance and custody, his mental health, outlook, attitude and personality, and his family medical history, and (b) the present action is governed by rules of evidence substantially different from those applicable to the prior action in that G.S. 8-50.1 now allows blood grouping tests to prove paternity as well as to preclude it, and G.S. 8-57.2 has been amended to allow both plaintiff's mother and presumed father to testify as to plaintiff's paternity; and (3) fairness requires that plain-

tiff be given a full and fair opportunity to relitigate the issue of paternity. G.S. 49-14; G.S. 110-130; G.S. 110-135; G.S. 110-138.

Justice MEYER concurring.

ON discretionary review of the decision of the Court of Appeals, 59 N.C. App. 735, 298 S.E. 2d 62 (1982), affirming summary judgment entered in favor of the defendant on 27 July 1981 by *Parker, J.,* in District Court, WAKE County. Heard in the Supreme Court 12 September 1983.

This is an action brought by plaintiff, through his duly appointed guardian ad litem, seeking support from defendant. Plaintiff alleges, and defendant denies, that defendant is his father. After a hearing on motions by plaintiff and defendant for summary judgment, the trial court granted defendant's motion for summary judgment. Upon appeal, the Court of Appeals affirmed. For the reasons herein set forth, we reverse.

*Sullivan & Pearson, P.A., by Mark E. Sullivan, for plaintiff appellant.*

*Canaday & Canaday, P.A., by C. C. Canaday, Jr. and Claude C. Canaday III, for defendant appellee.*

MARTIN, Justice.

The central question in this appeal is whether plaintiff is barred by collateral estoppel from pursuing this action. The materials before the court at the summary judgment hearing disclosed that a prior action had been brought against defendant in Johnston County about 20 December 1977, pursuant to N.C.G.S. 49-14, to establish the paternity of John Wesley Settle. This action was brought in the name of plaintiff's mother, Frances Settle, by the Child Support Enforcement Agency of Johnston County and its attorney, W. A. Holland, Jr. In that action, defendant denied he was the father of John Wesley Settle. The prior action was heard in January 1978, but for some inexplicable reason judgment was not entered until 30 April 1981. In that judgment, the court found as facts that plaintiff, Frances Settle, was married to Frank Settle at the time that the child was conceived and that she was also dating other men. The court concluded as a matter of law that defendant was not the father of the child. There was no appeal from this judgment.

Also before the court at the summary judgment hearing was the affidavit of Frances Settle stating that she only conferred briefly with attorney Holland before the prior trial. She further testified that at the time of the conception of the child she was separated from her husband and was only seeing defendant during that period. She was divorced one month after the birth. She had sexual intercourse with defendant every other weekend and did so during her period of conception without the use of contraceptives.

The trial court allowed defendant's motion for summary judgment on the theory that this plaintiff, John Wesley Settle, was in privity with Frances Settle, the plaintiff in the prior action, and estopped by that judgment from litigating the issue of paternity. The Court of Appeals affirmed this ruling. In this we find error.

The prior action was actually commenced by the Child Support Enforcement Agency of Johnston County. Frances Settle had been receiving public assistance on behalf of her child. This created a debt due the state by the responsible parents of the child. N.C. Gen. Stat. § 110-135 (Cum. Supp. 1981). The county has the authority and the duty to pursue an action against the responsible parent for the maintenance of the child and recovery of amounts paid by the county for support of the child. N.C. Gen. Stat. §§ 110-130, -138 (Cum. Supp. 1981). The county may bring the action in the name of the mother or in its own name. She is in either case required to cooperate with the county in the trial of the action.

In the prior action, no blood tests were made. Nor was the testimony of Frank Settle, husband of Frances, available on the contested issue.

The real party in interest in the prior action was the county, not Mrs. Settle. The acceptance of public assistance by Frances Settle assigned *her* right to child support to the county. N.C. Gen. Stat. § 110-128 (Cum. Supp. 1981); *Carrington v. Townes,* 53 N.C. App. 649, 281 S.E. 2d 765 (1981), *modified and remanded on other grounds,* 306 N.C. 333, 293 S.E. 2d 95 (1982), *cert. denied,* --- U.S. --- (1983). In determining the real party in interest, the courts will look beyond the nominal party whose name appears of record and consider the legal questions raised as they may affect the real party in interest. *Davenport v. Patrick,* 227 N.C. 686, 44 S.E.

2d 203 (1947). The 1977 action was for the economic benefit of the county. Mrs. Settle would continue to receive public assistance on behalf of her child so long as she cooperated with the county in its efforts to get support from the father of the child. N.C. Gen. Stat. § 110-131(a) (1978). Under no theory could John Wesley Settle be considered the real party in interest.

John Wesley Settle was not a party to the prior action. In order for the prior judgment to be binding upon him, he must be in privity with the plaintiff in the prior case. *King v. Grindstaff,* 284 N.C. 348, 200 S.E. 2d 799 (1973). This brings us to the issue of whether John Wesley Settle is in privity with the real party in interest in the prior action, Johnston County.

The purpose of collateral estoppel is to prevent repetitious lawsuits over matters which have been decided and which have remained substantially static, factually and legally. *Commissioner v. Sunnen,* 333 U.S. 591, 92 L.Ed. 898 (1948). In resolving the issue of privity, the following analysis is instructive:

> [A] privy, when applied to a judgment or decree, is 'one whose interest has been legally represented at the trial.' . . . A person in privity under the doctrine of estoppel by judgment is one whose interests are so identified in interest with a party that such party represents the same legal right. . . .
>
> There is no definition of the word "privity" which can be applied in all cases. . . .
>
>> "The ground of privity is property, not personal relation, and it relates to persons in their relation to property, and does not relate to any question, claim or right independent of property. . . . whether the privity be one of estate, contract, blood, or law, it has no personal basis as a mere matter of sentiment, but rests on some actual mutual or successive relationship to the same right of property.
>>
>> "Absolute identity of interest is essential to privity, and sometimes the word 'privity' merely means identity of interest, and is defined as meaning interest or mutuality of interest; and it is said that in legal literature 'privity' means partaking of, having a part or interest in or recognizance of any action, matter, or thing.

". . . However, the fact that persons are interested in the same question or in proving the same facts, or that one person is interested in the result of litigation involving the other does not make them privies.

"In order to make a man a privy to an action he must have acquired an interest in the subject matter of the action either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold property subordinately."

When used with respect to estoppel by judgment, the term "privity" denotes mutual or successive relationship to the same rights of property. One is "privy," when the term is applied to a judgment or decree, whose interest has been *legally* represented at the trial. A party will not be concluded by a former judgment unless he could have used it as a protection, or as a foundation of a claim, had the judgment been the other way.

*Masters v. Dunstan*, 256 N.C. 520, 524-26, 124 S.E. 2d 574, 577-78 (1962) (citations omitted).

The meaning of "privity" for res judicata purposes may be elusive. It denotes a mutual or successive relationship to the same rights of property and does not ordinarily arise from the relationship of parent and child. Where there is no such concurrent relationship to the same right, as may exist between guardian and ward or trustee and beneficiary, privity does not exist to bar the child's subsequent suit.

Were John Wesley Settle's interests in having his paternity determined so identified with plaintiff's interest in the prior action that they were determinable in that action? We think not. The interest of Johnston County, the real party in interest in the prior suit, was solely economic. The county was only interested in requiring the responsible parent to support John Wesley Settle and to recoup the amounts that it had paid for such support. It mattered not to the county whether this goal was achieved by a judgment against this defendant or against Frank Settle.

John Wesley Settle, to the contrary, has more at stake in this present litigation. The paternity adjudication will dramatically affect his personal interests. His interests in an accurate deter-

mination of paternity are at least equal to those of defendant. John Wesley Settle's rights to support, inheritance, and custody are directly affected by the proceeding. N.C. Gen. Stat. § 29-19 (b)(1) (Cum. Supp. 1981); N.C. Gen. Stat. § 49-11 (1976); N.C. Gen. Stat. § 50-13.2 (Cum. Supp. 1981); *Jolly v. Queen*, 264 N.C. 711, 142 S.E. 2d 592 (1965); *Conley v. Johnson*, 24 N.C. App. 122, 210 S.E. 2d 88 (1974). Perhaps even more important is the mental health, outlook, attitude, and personality of John Wesley Settle as affected by the proceeding. It is also well established in medical practice that an accurate family medical history can be critical in the diagnosis and treatment of the illnesses and injuries of a child. In common parlance, John Wesley Settle needs to know who is his father.

The rationale in *Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976), is apposite to this appeal. In *Tidwell*, defendant, the putative father, had been prosecuted criminally for nonsupport of an illegitimate child. He was convicted of this charge, which included a finding that he was the father of the child. In a subsequent civil suit by the mother of the child against defendant for support of the child, this Court held that the judgment in the prior criminal action did not estop defendant from denying paternity. The Court held that the state in the prior action and the plaintiff mother in the second case were not the same parties and were not in privity. The Court reasoned that the state was not a mere nominal party in the criminal action. Its interest was in the prevention of the child becoming a charge upon the state, an economic interest. The state, not the mother, had control of the litigation. The mother's interests were not identical to that of the state.

The facts in the present appeal are more compelling than those in *Tidwell*. In addition to the difference in the interests of the parties above set forth, John Wesley Settle was only a few months old at the time of the prior trial. He had no guardian appearing for him; he did not testify at the trial. John Wesley Settle had no control over the prior litigation. To the contrary, Ms. Tidwell swore out the warrant in the criminal action and appeared and testified at the trial. *Tidwell* has been followed in *Smith v. Burden*, 31 N.C. App. 145, 228 S.E. 2d 662 (1976), and *Hussey v. Cheek*, 31 N.C. App. 148, 228 S.E. 2d 519 (1976).

In the case of *Arsenault v. Carrier*, 390 A. 2d 1048 (Maine 1978), the Maine court faced this same issue. There the mother of a child born out of wedlock brought suit under the Uniform Act on Paternity, alleging that defendant was the father of the child. This suit was brought on behalf of the child. The defendant pleaded res judicata relying upon a prior bastardy action brought by the child's mother which was settled by the parties. The Maine court held that the subsequent suit was not barred as the child was neither a party nor privy to the bastardy action.

The legal commentaries support the result we reach today. In 1 Freeman on Judgments § 481 (1925), we find: "Neither is a bastard child bound by the adjudication of its paternity in a bastardy proceeding instituted by its mother against one alleged to be the father."

The issue is treated in the Restatement of the Law of Judgments:

(2) A judgment in an action whose purpose is to determine or change a person's status is conclusive with respect to that status upon all other persons, with the following qualifications:

(a) If a person has, under applicable law, an interest in such status such that he is entitled to contest its existence, the judgment is not conclusive upon him unless he was afforded an opportunity to be a party to the action;

Restatement (Second) of Judgments § 31 (1982). Of course, John Wesley Settle had no opportunity to be a party to the prior action against defendant.

Another factor to be considered in determining privity with respect to a plea of collateral estoppel is whether there has been a substantial change in the law between the first and second actions with respect to the question in issue. A substantial change in the law between the first and second actions is a cogent reason to support a finding of lack of privity. Restatement (Second) of Judgments § 28(2)(b) (1982); 46 Am. Jur. 2d *Judgments* § 444 (1969). John Wesley Settle's present cause of action is governed by rules of evidence substantially different from those applicable to the prior action. Since the determination of the prior action, N.C.G.S. 8-50.1(b) (1981) has been adopted to allow the use of blood

grouping tests to prove paternity as well as to preclude it. This is a powerful tool now available to plaintiff in this action. Also, N.C.G.S. 8-57.2 has been amended to allow both plaintiff's mother and presumed father, Frank Settle, to testify as to the paternity of plaintiff. This, likewise, is a substantial aid to plaintiff in this action which was not available at the prior trial.

Finally, where the interests of a person not a party or privy to the initial action will be adversely affected by that determination, fairness requires that he be given an opportunity to relitigate the issue. The impact of the first action upon John Wesley Settle is devastating. He is entitled to a full and fair opportunity to relitigate the issue of paternity.

For these reasons, under the facts of this case we hold that John Wesley Settle is not in privity with the plaintiff in the prior action and is not collaterally estopped by the prior judgment from pursuing the present action. The trial judge erred in entering summary judgment for the defendant.

The decision of the Court of Appeals is

Reversed.

Justice MEYER concurring.

I concur in the result but desire to add that the issue of whether an illegitimate child is bound by the adjudication of paternity in a criminal proceeding brought by its mother is not now before the Court and the reader should not assume that the quote from 1 Freeman on Judgments § 481 (1925) is any expression of this Court on this issue.