JAMES RUSSELL DICKENS

v.

COMMONWEALTH OF VIRGINIA

No. 0632-85

Decided March 18, 1986

COUNSEL

Louis J. Richman, Jr., for appellant.

James A. Haushalter, Assistant Commonwealth Attorney (Willard M. Robinson, Jr., Commonwealth Attorney of the City of Newport News, on brief), for appellee.

OPINION

**BAKER, J.**—In March 1973, Deborah Ann Whichard, mother of Quartasha E. Whichard (Quartasha), filed a petition in the General Court of Justice of Pitt County, North Carolina in which she alleged that James Russell Dickens (appellant) was the father of Quartasha. Deborah Ann Whichard (mother) asked that appellant be declared the father of Quartasha and be required to support the child. An order was entered by the North Carolina court granting both requests.

Pursuant to the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (URESA), adopted by both North Carolina (initiating state) and Virginia[1] (responding state), in April 1983, an additional petition was filed in the North Carolina court and that petition and the March 1973 order were transmit-

---

[1] Codified in Code §§ 20-88.12 through 20-88.31.

ted to the Juvenile and Domestic Relations District Court of Newport News, Virginia. After a hearing in that court, an appeal was taken to the Circuit Court of Newport News (trial court) where the matter was heard on May 2, 1985.

Appellant appeals from the order of the trial court entered after an evidentiary hearing. The order affirmed the paternity order of the North Carolina court and directed appellant to pay child support for the benefit of Quartasha.

Appellant objected to the matter being heard pursuant to the petiton because the affidavits in support of the petition were executed on April 11, 1983, more than two years prior to May 2, 1985. The basis for his objection was that petitions with affidavits of that vintage ought not to be "introduced into" evidence in an URESA hearing.

■ Upon the execution and filing of an URESA petition, the initiating state court reviews the petition's sufficiency and determines whether it alleges facts "from which it may be determined that the obligor (appellant) owes a duty of support and that a court of the responding state may obtain jurisdiction of the obligor or his property." *See* Code §§ 20-88.21, 20-88.22. If sufficient, the petition is transmitted to the responding state where it becomes the basis of a civil support action against the obligor.

■ Upon receipt of the transmitted URESA petition, the trial court of the responding state reviews the petition and determines whether it is sufficient to meet the requirements of the laws of the responding state. *See Manis* v. *Genest,* 210 Ga. 16, 17, 77 S.E.2d 525, 527 (1953); *Thibadeau* v. *Thibadeau,* 133 Ga. App. 154, 210 S.E.2d 340, 342 (1974). At that stage the petition is no more than a pleading which contains allegations made for the purpose of presenting the issue to be tried. *See Burch* v. *Grace Street Building Corp.,* 168 Va. 329, 341, 191 S.E. 672, 677 (1937). It confines the introduction of evidence to the relevancy of the issue thus made. *Bowles* v. *May,* 159 Va. 419, 423, 166 S.E. 550, 551 (1932).

The petition, being in the nature of a pleading, is inadmissible as evidence against the obligor in the responding state action. *See Freano* v. *Rosenbaum,* 399 So. 2d 758, 759-60 (La. Ct. App. 1981); *Post* v. *Moore,* 99 Misc. 2d 812, 813-14, 417 N.Y.S.2d

426, 428 (N.Y. Fam. Ct. 1979); *O'Hara* v. *Floyd*, 47 Ala. App. 619, 259 So. 2d 673, 675 (1972); *Schlang* v. *Schlang*, 415 S.W.2d 28, 32 (Tex. Civ. App. 1967); *Lambrou* v. *Berna*, 154 Me. 352, 360, 148 A.2d 697, 702 (1959); *Ivey* v. *Ayers*, 301 S.W.2d 790, 796 (Mo. 1957); Annot., 42 A.L.R.2d 768, 781-82 (1955).

The trial court examined the petition and stated that "the petition and accompanying exhibits are made a part of the record." It did not say whether it was to be considered as evidence or merely as a pleading.

The petition stated the name and address of the obligor; it alleged appellant's paternity of Quartasha, his duty to support her and the finding of those facts by a 1973 North Carolina court proceeding; it stated the date of birth of Quartasha and the fact that the North Carolina court had entered appellant's name upon her birth certificate; and it stated that appellant had supported her from 1973 to 1976, at which time he ceased paying support monies. The petition further contained a list of monthly expenses required for support which was in the sum of $306.41. The petition was duly verified under oath dated April 11, 1983. The assertions made in the petition are in accord with the requirements of Code § 20-88.21.

The record contained a copy of the order of the North Carolina court which had found appellant to be the father of Quartasha with the duty to support her. It further disclosed that a local court support worker briefly reviewed the allegations made in the petition. At the hearing in the trial court, the appellant testified that he is forty-one years old; that he has been employed by a Newport News shipyard for approximately eight years and earns about $300.00 per week; that he knows Quartasha's mother; that although the North Carolina court declared him to be the father he, in fact, is not; that although he noted an appeal of that decision, he withdrew the appeal and supported Quartasha for about two years. After appellant testified in the trial court both sides rested.

In his argument to the trial court, appellant's counsel did not contest the validity of the order declaring appellant to be Quartasha's father. He made no motion concerning the evidence except to assert that since the affidavits contained in the petition were made more than two years prior to the hearing, the petition should not be considered as evidence in this cause. There is noth-

ing in the URESA statutes which prescribes a time limit between the execution of the petition or accompanying affidavits and the trial. We have been referred to no authority that requires a limitation and we have found none. The Revised Uniform Reciprocal Enforcement of Support Act, being remedial in nature, should be liberally construed so that its purpose of providing support for dependent children may be achieved. *Scott* v. *Sylvester*, 220 Va. 182, 185, 257 S.E.2d 774, 776 (1979). If there is to be a time limitation on supporting affidavits, it is a matter for declaration by the legislature not the courts.

After hearing argument, the trial court declared the URESA petiton "to be in good shape," accepted the North Carolina court's order and approved an agreement between counsel as to an amount to be paid for support.

We hold that the trial court properly upheld the URESA petition as a basis upon which to proceed against the appellant, and that the evidence supported its order.

Accordingly, finding no error in the judgment appealed from, that judgment is

*Affirmed.*

Barrow, J., and Hodges, J., concurred.