DAUKSCH, Judge.
This is a consolidated appeal from Glenda Sharon, Joanne Williams and Tina McLean from identical orders dismissing their petitions for child support under the Uniform Reciprocal Enforcement of Support Act, Florida Statutes, Chapter 88. None of the mothers was married to the alleged fathers and paternity had not been previously established. The trial court sua sponte dismissed the cases for failure to state a cause of action “as no cause of action exists under Chapter 88 to establish the paternity of a minor child.” The trial court concluded that the determination of paternity is a prerequisite to bringing an action under Chapter 88 and the causes must be transferred to Chapter 742, Determination of Paternity.
It is noted that the Supreme Court of Florida had declared that Chapter 742 is a natural mother’s exclusive remedy in establishing paternity and enforcing support on behalf of her child. Kendrick v. Everheart, 390 So.2d 53 (Fla.1980). However, section 88.041 of the Florida URESA specifically provides that the act is intended to provide remedies to the dependent “in addition to and not in substitution for any other remedies.” The purpose of URESA is to enable a dependent in one state to initiate proceedings in that state for the purpose of securing money for support from a person in another state who owes a duty of support which is “imposed or imposable” by law. § 88.211, Fla.Stat. (1985). Specifically, section 88.235, which was added to Chapter 88 in 1979, provides that the court may adjudicate the paternity issue. In Hodge v. Maith, 435 So.2d 387 (Fla. 5th DCA 1983), this court recognized that a nonresident mother may institute an action under URESA against the putative father, a Florida resident, to enforce support duties, and a determination of paternity may be made in the context of such an action.
Numerous other courts, in Florida and outside of Florida, have also recognized the right of a mother to bring a paternity and child support action under URESA. People of State of Arkansas v. Smith, 398 So.2d 512 (Fla. 2d DCA 1981); Evans v. State, 178 Ga.App. 1, 341 S.E.2d 865 (1986); Dickens v. Commonwealth, 2 Va.App. 72, 341 S.E.2d 392 (1986); Smith v. Burden, 31 N.C.App. 145, 228 S.E.2d 662 (1976); Greenstreet v. Clark, 239 N.W.2d 143 (Iowa 1976); Clarkston v. Bridge, 273 Or. 68, 539 P.2d 1094 (1975); Yetter v. Commeau, 84 Wash.2d 155, 524 P.2d 901 (1974). Since URESA proceedings are not in substitution of but are in addition to the state paternity proceedings, the responding state, where the putative father lives, applies its own rules in determining paternity. Clarke v. Blackburn, 151 So.2d 325 (Fla. 2d DCA 1963); M v. W, 352 Mass. 704, 227 *1361 N.E.2d 469 (1967); Commonwealth ex rel. Shaffer v. Shaffer, 175 Pa.Super. 100, 103 A.2d 430 (1954).
If the putative father is within Florida jurisdiction, a Chapter 742 proceeding would be appropriate. Where, as in this case, the putative father, resides outside this state, a Chapter 88 URESA proceeding is appropriate to determine paternity and child support. The orders dismissing the causes of action are reversed and this case remanded so that the mothers may pursue their petitions under URESA.
REVERSED and REMANDED.
COWART and SHARP, JJ., concur.