JACKSON COUNTY, BY AND THROUGH THE CHILD SUPPORT ENFORCEMENT AGENCY, EX REL. DORIS SMOKER v. OWEN SMOKER, JR.

No. 394PA94

(Filed 28 July 1995)

**Indians § 7 (NCI4th)— Cherokee Indian child—AFDC payments and child support—retention of tribal court jurisdiction—district court jurisdiction—infringement on tribal sovereignty**

It would be an infringement on tribal sovereignty for a district court to take jurisdiction of a county's action to recover reimbursement of AFDC payments made to Cherokee Indian children and for an order for future support to be paid by defendant where a claim for support of the children was filed by the mother in the tribal court and the tribal court has retained jurisdiction of that claim. Although the claim of plaintiff county may be separate from any claim of the mother, the claim is still based on defendant's duty to support his children, and the tribal court is available for actions to collect AFDC payments.

**Am Jur 2d, Indians § 63.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 115 N.C. App. 400, 445 S.E.2d 408 (1994), reversing an order entered on 15 September 1992 out of the county and out of session by Davis (Danny E.), J., dismissing the

case for lack of subject matter jurisdiction. Heard in the Supreme Court 14 April 1995.

The defendant, his ex-wife, and their three children were all members of the Eastern Band of Cherokee Indians ("the Eastern Band") residing on the Eastern Band's Reservation located in western North Carolina. Following separation, the Indian wife filed suit for custody and support in the Court of Indian Offenses of the Eastern Band of Cherokee Indians ("the Tribal Court") on 17 May 1991. In a judgment dated 25 November 1991, the Tribal Court awarded custody of the children to the wife. It also awarded the home to the wife with no support to be paid by the defendant father. The father, who under the judgment retained a vested interest in the home as equity, assigned all his title and equity in the house to the mother.

Following the mother's assignment of her rights to the Jackson County Department of Social Services ("the County") pursuant to N.C.G.S. § 110-137, the County filed suit in District Court, Jackson County, on 14 January 1992 against the defendant for reimbursement of Aid to Families with Dependent Children ("AFDC") funds in the amount of $5,967 and for issuance of an order that future child support be paid by the defendant. The district court dismissed the County's complaint on grounds that the district court and the Tribal Court had concurrent jurisdiction but that the Tribal Court had previously exercised jurisdiction over the defendant, mother, and children; that the Tribal Court's jurisdiction was continuing; that the claim of the County was a subrogation of the mother's claim; and that the Tribal Court remained the proper forum for child support matters. The County appealed from this order. The Court of Appeals reversed the District Court's decision, and we granted discretionary review.

*Michael F. Easley, Attorney General, by T. Byron Smith, Assistant Attorney General, and Elizabeth J. Weese and Gerald K. Robbins, Associate Attorneys General, for plaintiff-appellee.*

*Haire & Bridgers, P.A., by Ben Oshel Bridgers, and Gary E. Kirby for defendant-appellant.*

WEBB, JUSTICE.

This case brings to the Court a question as to the jurisdiction of the District Court, Jackson County, when the Tribal Court has assumed jurisdiction of the subject matter. The issues involved in this case were thoroughly discussed in *Jackson Co. v. Swayney*, 319 N.C.

52, 352 S.E.2d 413, *reh'g denied,* 319 N.C. 412, 354 S.E.2d 713, *cert. denied,* 484 U.S. 826, 98 L. Ed. 2d 54 (1987). In that case, we held that the District Court of Jackson County did not have jurisdiction to determine the paternity of a child because this is of special interest to tribal governance. We also held in *Swayney* that the district court had concurrent jurisdiction with the Tribal Court for actions to recover for AFDC payments. We held that the tribe's interest in self government is not significantly affected by this concurrent jurisdiction.

The only distinction between the action in *Swayney* to recover for AFDC payments and the action in this case is that in *Swayney,* no prior action for the same claim had been filed in the Tribal Court. In this case, a claim for child support had been filed in the Tribal Court, and that court had retained jurisdiction. The question posed by this appeal is whether it is an infringement on tribal sovereignty for a district court to take jurisdiction of a case the subject of which had been retained by the Tribal Court. We hold that it is an unlawful infringement.

The Cherokee Indians have an interest in making their own laws and enforcing them. *Williams v. Lee,* 358 U.S. 217, 3 L. Ed. 2d 251 (1959). This interest would be undermined if the Tribal Court were deprived of jurisdiction of a case after it had assumed it. We hold that it would have been an unlawful infringement on the Cherokee tribe had the district court taken jurisdiction of this case.

The plaintiff argues that it is subrogated to the claim Mrs. Smoker had for support, N.C.G.S. § 110-137 (1991), and that it is the real party in interest. *Settle v. Beasley,* 309 N.C. 616, 308 S.E.2d 288 (1983). This being so, says the plaintiff, its claim is separate from any claim Mrs. Smoker may have, and it does not infringe on the governance of the tribe for the State to pursue its claim independently of Mrs. Smoker's claim. The claim of the plaintiff may be separate from any claim of Mrs. Smoker, but the claim is based on the defendant's duty to support his children. The Tribal Court has retained jurisdiction over claims based on this duty, and the plaintiff must litigate in the Tribal Court.

The plaintiff also argues that if we should hold the district court is without jurisdiction, there will not be an adequate forum for the recovery of AFDC payments. It argues at length that the Tribal Court is not an adequate forum and that if it cannot use the district court to recover for AFDC payments, the AFDC program may be lost. The record does not support this argument. The Tribal Court is available

for actions to collect AFDC payments. There is nothing in the record to show there has been any difficulty in recovering for AFDC payments in the Tribal Court. We cannot presume that the Tribal Court will not properly enforce the law.

For the reasons stated in this opinion, we reverse the Court of Appeals and remand to that court for further remand to the District Court, Jackson County, for the reinstatement of its order.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.