STATE OF NORTH CAROLINA, EX REL. ALFRED WEST, JR. v. LINDA G. WEST

No. 395PA94

(Filed 28 July 1995)

**Indians § 7 (NCI4th)— Cherokee Indian child—current child support—tribal court decision—district court jurisdiction—infringement on tribal sovereignty**

The district court properly declined to exercise jurisdiction of an action by the State, which provided AFDC benefits, seeking current support from the mother for a child living on the Cherokee Indian Reservation where a tribal court had relieved the mother of any obligation to support the child and retained jurisdiction of the child support issue.

**Am Jur 2d, Indians § 63.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 115 N.C. App. 496, 445 S.E.2d 416 (1994), reversing an order entered 30 September 1992 in District Court, Swain County, by Davis (Danny E.), J., dismissing this case for lack of subject matter jurisdiction. Heard in the Supreme Court 14 April 1995.

*Michael F. Easley, Attorney General, by T. Byron Smith, Assistant Attorney General, and Elizabeth J. Weese and Gerald K. Robbins, Associate Attorneys General, for plaintiff-appellee.*

*Haire & Bridgers, P.A., by Ben Oshel Bridgers, and Graham Duls for defendant-appellant.*

**STATE EX REL. WEST v. WEST**

[341 N.C. 188 (1995)]

PER CURIAM.

Alfred West, a member of the Eastern Band of Cherokee Indians, and Linda West, a non-Indian, both reside on the Eastern Band's Reservation in western North Carolina. They entered into a separation agreement that gave custody of their minor child, who is also a member of the Eastern Band of Cherokee Indians, to Alfred West. The Wests agreed to share child support obligations. Alfred West filed for Aid to Families with Dependent Children and received such benefits until he became eligible for social security disability benefits for himself and the child.

On 17 May 1991, Linda West filed an action in the Court of Indian Offenses of the Eastern Band of Cherokee Indians ("the Tribal Court") seeking custody of the child. She later elected to proceed only on the issue of visitation rights. Alfred West answered the complaint and counterclaimed in the Tribal Court for reasonable child support.

On 26 August 1991, the North Carolina Child Support Enforcement Agency ("the State") filed an action in the District Court Division of the General Court of Justice of the State of North Carolina seeking child support and reimbursement from Linda West for past public assistance paid to Alfred West. On 4 November 1991, Linda West answered the complaint and moved for a dismissal of the State's action pending the outcome of the action in Tribal Court.

On 17 December 1991, the Tribal Court entered judgment granting an absolute divorce to the parties, awarding Alfred West custody of the child, denying Linda West visitation rights, and relieving Linda West of any obligation to support the child. On 28 January 1992, Linda West again moved for dismissal of the action in District Court, or transfer of that action to the Tribal Court, or that full faith and credit be given to the judgment entered in the Tribal Court. The District Court entered two separate orders, one addressing current support and one addressing reimbursement for past public assistance. Thereafter, the District Court entered another order granting a new trial on the issue of current child support.

On 19 August 1992, Linda West moved for dismissal of the State's District Court action for current child support, or for transfer of the action to Tribal Court, or for the order of the Tribal Court to be given full faith and credit by the District Court. The District Court entered an order on 30 September 1992, corrected on 10 December 1992, dis-

missing the action for current child support on the grounds that the State and Tribal Courts had concurrent jurisdiction over the subject matter, that the Tribal Court had exercised jurisdiction first, and that the Tribal Court continued to exercise jurisdiction. The Court of Appeals reversed the decision of the District Court and remanded for further proceedings.

For reasons set forth in our decision in *Jackson Co. ex rel. Smoker v. Smoker*, 341 N.C. 182, 459 S.E.2d 789, we reverse the decision of the Court of Appeals and remand to that court for further remand to the District Court, Swain County, for the reinstatement of its order.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.