STATE FARM LIFE INSURANCE CO., Plaintiff v. ANDREA LYNN ALLISON, MICHAEL P. ALLISON, JUDY WINKLER (ALLEN), Trustee for Michael P. Allison, Jr. and Heath Gabriel Allison, & RICH & THOMPSON FUNERAL SERVICE, INC., Defendants

No. COA97-353

(Filed 2 December 1997)

**Trial § 87 (NCI4th)— husband slain by wife—self-defense claimed—insurance proceeds—summary judgment—interested party—credibility**

Summary judgment for defendant Andrea Allison was inappropriate where Ms. Allison's husband died from a knife wound

suffered in a fight with Ms. Allison, a grand jury returned "no true bill of indictment" on the charge of murder, and Mr. Allison's life insurer filed this action to determine who was rightfully entitled to the proceeds. Although Ms. Allison claims that she is not barred from receiving proceeds because she was not convicted of a criminal offense, she is interested in the outcome of the case and the facts surrounding the death of Mr. Allison are peculiarly within her knowledge. Summary judgment should ordinarily be denied where matters of the credibility and weight of the evidence exist.

Appeal by defendants Michael P. Allison, Jr., and Heath Gabriel Allison from summary judgment entered 10 January 1997 by Judge W. Osmond Smith, III, in Alamance County Superior Court. Heard in the Court of Appeals 30 October 1997.

*George B. Daniel, P.A., by George B. Daniel, for Andrea Lynn Allison, defendant appellee.*

*David J.P. Barber for Michael P. Allison Jr., and Heath G. Allison, defendant appellants.*

SMITH, Judge.

On 15 June 1992, State Farm Life Insurance Company ("State Farm") issued a life insurance policy for Michael P. Allison, Sr. ("Mr. Allison"), for $50,000.00. Defendant Andrea Lynn Allison ("appellee"), Mr. Allison's second wife, was named the primary beneficiary of the policy. Mr. Allison's two minor sons from a previous marriage, Michael P. Allison, Jr., and Heath G. Allison ("appellants"), along with trustee Judy Winkler Allen, were named as successor beneficiaries.

On 26 December 1993, Mr. Allison and appellee returned home from a local night spot. Later that evening, they fought and appellee stabbed Mr. Allison in the chest. Mr. Allison died from the knife wound. In April 1994, an Alamance County Grand Jury returned a "no true bill of indictment" on the charge of murder against appellee Andrea Lynn Allison.

Plaintiff State Farm filed this action against all interested parties so that the court could determine who was rightfully entitled to the life insurance proceeds. Plaintiff was dismissed as a party to this action and the policy proceeds of $51,312.46 were paid to the Alamance County Clerk's Office pending resolution of this action.

On 10 January 1997, Judge W. Osmond Smith, III, granted appellee Andrea Lynn Allison's motion for summary judgment as a matter of law, dismissed with prejudice plaintiff's complaint, and dismissed with prejudice appellants' counterclaim. Appellants Michael and Heath Allison appeal from the grant of the summary judgment motion.

The only issue presented for appeal is whether the trial court committed reversible error in granting the motion for summary judgment in favor of appellee. Appellate review of the grant of summary judgment is limited to two questions including: (1) whether there is a genuine question of material fact, and (2) whether the moving party is entitled to judgment as a matter of law. *Gregorino v. Charlotte-Mecklenburg Hosp. Authority*, 121 N.C. App. 593, 595, 468 S.E.2d 432, 433 (1996). A motion for summary judgment should be granted if, and only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). Evidence is viewed in the light most favorable to the non-moving party with all reasonable inferences drawn in favor of the nonmovant. *Whitley v. Cubberly*, 24 N.C. App. 204, 206-07, 210 S.E.2d 289, 291 (1974).

Appellants argue there is a genuine issue of material fact as to whether Andrea Lynn Allison's act of stabbing her husband to death amounted to self-defense. In North Carolina, a person can be barred from receiving life insurance proceeds by: (1) N.C. Gen. Stat. § 31A-3 (the slayer statute) because that person is convicted of killing the insured; or (2) the common law rule that no one may profit from their own wrongdoing. *See Quick v. United Benefit Life Ins. Co.*, 287 N.C. 47, 56-57, 213 S.E.2d 563, 569 (1975).

Appellee claims that she is not barred from receiving the life insurance proceeds under either theory, because she was not convicted of a criminal offense, and that she acted in self-defense. However, appellants claim that lack of a criminal conviction is not a bar to a civil claim because the burden of proof is different in a criminal case versus a civil case.

In [a] criminal action the burden [is] on the State to prove the absence of self-defense beyond a reasonable doubt. In [a] civil action the burden [is] on the defendant to prove self-defense by the greater weight of the evidence. In no way can the State's fail-

ure to carry its burden in the criminal case be dispositive of the defendant's burden in the civil case.

*Hussey v. Cheek*, 31 N.C. App. 148, 149, 228 S.E.2d 519, 520-21 (1976) (citations omitted). Thus, appellee would bear the burden of proving her self-defense claim by the greater weight of the evidence in this civil case. This proof of self-defense would include the issue of appellee's credibility.

"[W]here matters of the credibility and weight of the evidence exist, summary judgment ordinarily should be denied." *Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 351, 363 S.E.2d 215, 218, *disc. review denied*, 322 N.C. 111, 367 S.E.2d 910 (1988). Summary judgment should be denied because the credibility of a witness is to be resolved by the fact finder. *Church v. Mickler*, 55 N.C. App. 724, 732, 287 S.E.2d 131, 136 (1982). "If [appellee's] interest necessarily raises a question of [her] credibility, and [her] testimony cannot, under any circumstances, be accorded credibility as a matter of law, summary judgment would be inappropriate." *Kidd v. Early*, 289 N.C. 343, 367, 222 S.E.2d 392, 408 (1976). Furthermore, a summary judgment motion should be denied if

the movant's supporting evidence is self contradictory or circumstantially suspicious or the credibility of a witness is inherently suspect either because he is interested in the outcome of the case and the facts are peculiarly within his knowledge or because he has testified as to matters of opinion involving a substantial margin for honest error . . . .

*Kidd v. Early*, 289 N.C. 343, 366, 222 S.E.2d 392, 408 (1976). In the instant case, appellee is interested in the outcome of the case because she stands to gain Mr. Allison's insurance proceeds. Furthermore, the facts surrounding the death of Mr. Allison are peculiarly within her knowledge since appellee and Mr. Allison were the only two people present. Therefore, because appellee is interested in the outcome of the case and the facts surrounding Mr. Allison's death are peculiarly within her knowledge, summary judgment is inappropriate.

For the foregoing reasons, the trial court's grant of the summary judgment motion is

Reversed.

Judges MARTIN, John C., and JOHN concur.