CAROLYN R. COX v. JAMES W. COX

No. 7910DC518

(Filed 18 December 1979)

1. **Divorce and Alimony § 24.5; Social Security and Public Welfare § 2— mother receiving AFDC assistance—assignment of child support to county—right of county to make motion in pending action**

    Where plaintiff mother who received public assistance under the AFDC program assigned to Wake County her right to receive any support on behalf of her children, Wake County had standing to make a motion in an action between plaintiff mother and defendant father to modify a child support order to require that the support be paid to Wake County. G.S. 50-13.7(a).

**2. Divorce and Alimony § 24; Social Security and Public Welfare § 2—mortgage payments as child support—mother receiving AFDC assistance—assignment of payments to State**

Mortgage payments required to be made by defendant father constituted child support for the minor children of plaintiff mother and defendant where the children lived in the house subject to the mortgage and the required payments were to be reduced by one-third as each child reached age 18 and were to be completely stopped when the youngest child became age 18; therefore, where plaintiff mother received public assistance under the AFDC program, the mortgage payments were assigned to the State both by operation of law under G.S. 110-137 and by her written assignment to Wake County of her right to receive any support on behalf of her children.

APPEAL by plaintiff from *Parker, Judge.* Order signed 24 January 1979 in District Court, WAKE County. Heard in the Court of Appeals 27 November 1979.

Plaintiff began this action for divorce from bed and board, asking for child custody, support and possession of the home owned by plaintiff and defendant. The parties have three children: Lisa, born 6 May 1964; James, born 7 July 1967; and Amy, born 14 September 1973.

At hearing on 3 October 1975, plaintiff wavied her claims to alimony and the court entered an order, consented to by the parties, granting plaintiff custody of the children and possession of the home, and requiring defendant to pay the mortgage against the home. Defendant was to write a $50 check payable to North Carolina National Bank each week and deliver it to plaintiff for payment to the bank. As each of the three children attained the age of eighteen, this weekly payment would be reduced by one-third, no payments being required after the youngest child reached eighteen years of age.

Sometime thereafter, the plaintiff began receiving public assistance on behalf of the children under Aid to Families with Dependent Children (hereinafter AFDC) and on 3 Feburary 1976 she executed a written assignment to Wake County of the right to receive any support on behalf of the children.

On 8 December 1978, the attorney for Wake County filed notice of motion and motion alleging the Wake County Child Support Enforcement Agency (hereinafter Wake County) was an interested party in this case pursuant to N.C.G.S. 50-13.7, the minor children are receiving public assistance under AFDC, and

N.C.G.S. 110-135 makes a debt due the state by defendant arising upon the payments under AFDC, and requesting the court to order the weekly $50 payments be made to the North Carolina Department of Human Resources.

Defendant filed no response to this motion but plaintiff did, contending Wake County did not have standing to make the motion, no support payments were made by defendant for the children, only mortgage payments, and Wake County had not shown any change of condition to justify modifying the court's order.

The court, on 24 January 1979, signed an order after hearing on Wake County's motion, making findings of fact and conclusions of law, and ordering that "[a]ll child support payments made pursuant to" the order of 3 October 1975 shall be made to the Clerk of Superior Court of Wake County who shall transmit them to the North Carolina Department of Human Resources as prescribed in N.C.G.S. 110-132.

From this order, plaintiff appeals.

*Brenton D. Adams for plaintiff appellant.*

*Wake County Attorney Michael R. Ferrell for appellee (Wake County Child Support Enforcement Agency).*

MARTIN (Harry C.), Judge.

Under the law of North Carolina, when the people, through the state, provide support for minor children by AFDC, there arises a debt owed to the state by any parent obligated to support such minor children. N.C. Gen. Stat. 110-135. The county attorney shall represent the state in proceedings to collect such debts. N.C. Gen. Stat. 110-135. The recipient of such public assistance for minor children shall be deemed to have made an assignment to the state of the right to any child support, up to the amount of public assistance received. The state is subrogated to the right of the person having custody of such children to recover any payments ordered by the courts of this state. N.C. Gen. Stat. 110-137.

[1]  Appellant contends the state in this case is not entitled to reimbursement of the funds paid for the support of her minor

children. We do not agree. Appellant's argument that Wake County could not make the motion for reimbursement because it was not a party to the action is without merit. The provisions of N.C.G.S. 50-13.7(a) allow "either party or anyone interested" to make a motion in the cause to modify an order for support. Obviously, if the legislature had intended that only parties could make such motions, it would have used "any party" rather than the language employed. By virtue of the assignment pursuant to N.C.G.S. 110-137, the state, or the county on its behalf, has an interest in the order for the support of plaintiff's children. Upon the making of such motion, the movant could be required to become a party to the action if deemed appropriate by the court. N.C. Gen. Stat. 1A-1, Rule 25(d). Plaintiff made no motion to join Wake County as a party. Under N.C.G.S. 110-135 the county attorney had a duty to represent the state in this proceeding. We hold the motion for modification of the support order was properly made by Wake County.

[2] Clearly, the mortgage payments required to be made by defendant constituted child support for the minor children of plaintiff and defendant. The children lived in the house subject to the mortgage lien; as each child attained the age of eighteen years, the required payments were reduced by one-third; when the youngest child became eighteen years old, the payments completely stopped.

Being child support payments, the weekly mortgage payments were assigned by operation of law, as well as by the written assignment to Wake County executed by plaintiff, to the state, and the court properly modified the order for support by directing that the weekly payments of $50 be paid by defendant to the Clerk of Superior Court of Wake County, to be transmitted by the clerk to the North Carolina Department of Human Resources.

The fact that plaintiff began receiving public assistance on behalf of the children, and executed the assignment on 3 February 1976, is sufficient change of circumstances to justify the modification of the previous order. The usual questions concerning modification of a support order are not present here. Wake County is entitled to the relief sought as a matter of law. While it does not appear of record, presumably the children receive more

benefit from the AFDC payments than from the defendant's weekly mortgage payments of $50.

The order of the district court is

Affirmed.

Judges VAUGHN and WEBB concur.