Cartrette v. Cartrette

TINA S. CARTRETTE v. CHARLES R. CARTRETTE

No. 8427DC469

(Filed 19 February 1985)

**Social Security and Public Welfare § 2; Divorce and Alimony § 24.5— receipt of AFDC—changed circumstance—modification of child support**

    Where the parties had entered into a consent judgment wherein each party obtained custody of one child and neither was required to make support payments to the other, the subsequent receipt of Aid to Families with Dependent Children was a sufficient change of circumstances to permit a modification of the consent judgment. The motion in the cause filed by the Department of Social Services should not have been dismissed. G.S. 50-13.7(a), G.S. 110-137.

APPEAL by Gaston County from *Ramseur, Judge*. Order entered 12 December 1983 in GASTON County, District Court. Heard in the Court of Appeals 8 January 1985.

*Catherine C. Stevens for Gaston County Department of Social Services, movant appellant.*

*Frank Patton Cooke for defendant appellee.*

COZORT, Judge.

The essential question for our determination is whether the receipt of public assistance alone on behalf of a minor child is a sufficient change of circumstances to justify the modification of a previous consent judgment which had established each parent's obligation of support. We hold that it is and reverse the order of the trial court.

The Cartrettes are parents of two children. They separated in 1981 and entered into a consent judgment on 18 June 1982 wherein each parent obtained custody of one child and became responsible for the support and maintenance of the child in his or her care. According to the consent judgment, neither party was required to make support payments to the other.

On 1 August 1982, Tina S. Cartrette began receiving $176.00 per month public assistance in the form of Aid to Families with Dependent Children (AFDC) on behalf of Christina Michelle Cartrette, the minor child in her custody. The Gaston County Department of Social Services filed a motion in the cause on 10 January

1983 to modify the consent judgment to require the respondent, Charles R. Cartrette, to provide support for Christina. The trial court denied the motion on the basis that the receipt of public assistance alone for Christina was not a sufficient change in circumstances to justify modifying the consent judgment. The Gaston County Department of Social Services appealed from this order.

In *Cox v. Cox*, 44 N.C. App. 339, 341, 260 S.E. 2d 812, 813 (1979), this Court stated the following:

> Under the law of North Carolina, when the people, through the state, provide support for minor children by AFDC, there arises a debt owed to the state by any parent obligated to support such minor children. N.C. Gen. Stat. 110-135. The county attorney shall represent the state in proceedings to collect such debts. N.C. Gen. Stat. 110-135. The recipient of such public assistance for minor children shall be deemed to have made an assignment to the state of the right to any child support, up to the amount of public assistance received. The state is subrogated to the right of the person having custody of such children to recover any payments ordered by the courts of this state. N.C. Gen. Stat. 110-137.

Although the trial court correctly concluded in this case that the 18 June 1982 consent judgment "was, for all intents and purposes, an order of support for a minor child, or children" which could be modified upon a showing of changed circumstances, we hold the trial court erred in its conclusion that the "payment of public assistance, standing alone, is not a showing of changed circumstances."

We do not find persuasive the respondent's contention that *Cox* does not apply because he is not a "responsible parent" for Christina Michelle Cartrette under the consent judgment executed by both parents on 18 June 1982. To the contrary, the law provides for the modification of child support orders, upon a showing of changed circumstances, to provide for the financial support of dependent children. A parent cannot contract away his or her obligation to support dependent children, nor can a parent by contract diminish the rights of the State or a county under G.S. 110-135, *et seq*. Thus, we hold, as stated in *Cox*, that the receipt of public assistance alone is a change of circumstances suf-

ficient to justify a modification of the order. *Id.* at 342, 260 S.E. 2d at 814. By virtue of the assignment under G.S. 110-137, the State through the Gaston County Department of Social Services was an "interested" entity under G.S. 50-13.7(a) and could properly move in the cause to modify the consent judgment.

Therefore, the trial court improperly dismissed the Gaston County Department of Social Services' motion in the cause. We reverse the order of the trial court and remand the case for a determination by the trial court of the amount, not to exceed $176.00 per month, the respondent must pay towards Christina Michelle Cartrette's support.

Reversed and remanded.

Judges ARNOLD and WELLS concur.