Melodie A. CHINN, Plaintiff
and Appellant,

v.

Robert Steven CHINN, Defendant
and Appellee.

Civ. No. 11141.

Supreme Court of North Dakota.

Oct. 15, 1986.

Diane F. Melbye, Dickinson, for plaintiff and appellant.

Freed, Dynes, Reichert & Buresh, Dickinson, for defendant and appellee; argued by Ronald A. Reichert.

LEVINE, Justice.

Melodie Chinn appeals from a divorce judgment, alleging error in the trial court's retention of jurisdiction over the ownership of the family residence, property distribution, child support, and prohibition against remarriage. We reverse as to the jurisdiction of the home and affirm the remainder of the judgment.

Robert Steven Chinn (Steve) and Melodie Chinn were married on January 27, 1979. They have three children, ages seven, five and four. Steve is a measurement technician whose net disposable income is approximately $2,200.00 per month. Melodie works as a blackjack dealer and brings home approximately $550.00 per month. The couple owns a house in Dickinson valued at $52,000.00 and subject to a mortgage of approximately $50,000.00.

In its oral memorandum decision the trial court awarded an undivided one-half interest in the house to each party and stated:

"I am going to reserve and keep jurisdiction of the question of the ownership of the house because of what might happen in the case and because the value of the house is so questionable relative to the sizable debt against it, and because I feel it is possible that Melodie might be able to find shelter for herself and the children that is not quite as expensive as this one."

Melodie was granted the exclusive right to use and occupy the house as a dwelling for herself and the three children until she remarries or cohabits with a man. The trial court ordered Steve to pay "alimony" of $560.00 per month, which Melodie would use for house payments.

Melodie argues that the trial court erred in retaining jurisdiction over the question of ownership of the house because this award is a property distribution and should be final. We agree.

■ We applaud the trial court's attempt to minimize the disruption in the children's lives by allowing Melodie and the children to remain in the family residence. This Court has recognized that the stability of remaining in a familiar home may be important to the children of divorced parents. *Kostelecky v. Kostelecky,* 251 N.W.2d 400, 402 (N.D.1977). An immediate sale of the home is not favored because of the trauma a change of residence causes to minor children. *See e.g., Goar v. Goar,* 368 N.W.2d 348, 351 (Minn.App.1985), and cases cited therein. However, the method chosen by the trial court in this case cannot be upheld under North Dakota case law.

■ A long line of decisions rendered by this Court establishes the rule that a trial court does not retain jurisdiction to modify a final distribution of property. *Wastvedt v. Wastvedt,* 371 N.W.2d 142, 144 (N.D. 1985); *Wikstrom v. Wikstrom,* 359 N.W.2d 821, 823 (N.D.1984); *Harwood v. Harwood,* 283 N.W.2d 144, 146 (N.D.1979); *Nastrom v. Nastrom,* 262 N.W.2d 487, 490 (N.D. 1978). Because the award of an undivided one-half interest in the house is a property distribution, the trial court erred in retaining jurisdiction over the question of ownership. Therefore, we remand this case for the trial court to modify the provisions of the decree concerning the home.

Melodie also argues that the trial court erred in awarding child support in the amount of $250.00 per month for three children, an amount far below the minimum guidelines established by North Dakota Century Code § 14-09-09.7(1).

The trial court ordered Steve to pay child support of $250.00 per month and "alimony" of $560.00 per month. The record clearly reflects the trial court's intent that the $560.00 payment be used by Melodie to make the house payments in order to provide shelter for herself and the children. The trial court called the $560.00 payment "alimony" in order to give the parties more advantageous tax consequences.

■ The term "alimony" means any payment to be made to the other spouse for any purpose, including payment as a part of a property division, spousal support, or child support, or a combination of any of them. *Lipp v. Lipp,* 355 N.W.2d 817, 820 (N.D.1984); *Seablom v. Seablom,* 348 N.W.2d 920, 924 (N.D.1984). Mortgage payments can function as child support or spousal support, and not as a property distribution. *See Alexander v. Alexander,* 526 P.2d 934 (Okla.1974); *Cox v. Cox,* 44 N.C.App. 339, 260 S.E.2d 812 (1979); *McGugin v. McGugin,* 357 So.2d 347 (Ala. Civ.App.1978). In this case it is clear that the trial court intended the $560.00 payment to function as unallocated child support and spousal support. Therefore, we reject Melodie's claim that the trial court awarded only $250.00 per month for child support.

■ Melodie raises additional arguments concerning the property division. However, a property distribution will not be set aside by this Court unless it is found to be clearly erroneous. *Routledge v. Routledge,* 377 N.W.2d 542, 548 (N.D.1985). As the trial court observed, this marriage pro-

duced few assets and many debts in its six-year duration. We hold that the trial court's distribution, with the exception of the family residence, is not clearly erroneous.

Finally, Melodie argues that the trial court erred in prohibiting the parties from remarrying during an appeal. The divorce judgment prohibits the parties from remarrying for a period of sixty days after the entry of the judgment and, if an appeal is taken, until after the completion of the appeal.

Section 14–05–02, NDCC, provides:

"It shall be the duty of the court granting a divorce to specify in the order for judgment whether either or both of the parties shall be permitted to marry, and if so, when. The court shall have jurisdiction to modify the decree of divorce at any time so as to permit one or both of the parties to marry, if in his discretion he shall deem it right."

■ Melodie did not seek to have the decree modified in accordance with this statute. The trial court thus was not called upon to exercise its discretion. Consequently, there is nothing for this Court to review.

The judgment is affirmed except as to the jurisdiction of the home, and the case is remanded for proceedings consistent with this opinion. Neither party is awarded costs.

ERICKSTAD, C.J., and MESCHKE, GIERKE, and VANDE WALLE, JJ., concur.