STATE ex rel. TUCKER v. FRINZI

[119 N.C. App. 389 (1995)]

―――――

STATE OF NORTH CAROLINA ex rel. LEA ANNA LEFEAVERS TUCKER, Plaintiff v. CARL FRINZI, Defendant

No. COA94-1093

(Filed 5 July 1995)

**Judgments § 237 (NCI4th)— reimbursement for public assistance funds—State and county in privity—res judicata applicable**

The State's action to establish paternity and to recover public assistance funds expended for the prior maintenance of the minor child in question was barred by res judicata where Forsyth County had previously brought an action seeking the same reimbursement, and the County and the State were therefore in privity.

**Am Jur 2d, Judgments §§ 524 et seq.**

Judge GREENE dissenting.

STATE EX REL. TUCKER v. FRINZI

[119 N.C. App. 389 (1995)]

Appeal by plaintiff from order entered 30 July 1994 *nunc pro tunc* 14 June 1994 by Judge C. W. Bragg in Union County District Court. Heard in the Court of Appeals 7 June 1995.

*Attorney General Michael F. Easley, by Associate Attorney General Elizabeth J. Weese, for the State-appellant.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellee.*

JOHNSON, Judge.

This appeal is from an order dismissing an action brought by the State of North Carolina to establish paternity and award support for the minor child of Lea Anna Lefeavers Tucker, including reimbursement of public assistance funds expended for the prior maintenance of the child.

The minor child who is the subject of this action was born 19 July 1976 to Lea Anna Lefeavers (now, Tucker). At that time, Ms. Tucker was sixteen years old and not married. In order to provide for the minor child's needs, Ms. Tucker applied for and received public assistance. In December of 1978, the Forsyth County Department of Social Services (DSS) filed an action against defendant Carl Frinzi to establish paternity, support and reimbursement of public assistance. On 17 February 1981, the Forsyth County DSS voluntarily dismissed the action pursuant to N.C.R. Civ. P. 41(a).

In 1993, Ms. Tucker sought the services of the Union County Child Support Enforcement (CSE) agency. The CSE program in Union County is operated and administered by the State of North Carolina through the Department of Human Resources, Division of Social Services, CSE Section. On 7 October 1993, the State brought the present action against defendant, seeking to establish paternity of and support for the minor child. At a hearing held on 14 June 1994, the trial court concluded that *res judicata* applied and the court dismissed the action. Plaintiff filed notice of appeal to our Court.

Plaintiff first argues on appeal that the trial court erred in granting defendant's motion to dismiss the civil paternity action brought by the State because neither the principle of *res judicata* nor collateral estoppel barred the action. Specifically, in discussing the two different actions brought in the name of Ms. Tucker, plaintiff argues that while the legal claims involved in both actions are the same, the parties are not the same and are not in privity. We note that in the action

filed in December of 1978, the plaintiff was Forsyth County (ex. rel. Ms. Tucker); in the action filed 7 October 1993, the plaintiff was the State of North Carolina (ex. rel. Ms. Tucker).

"*Res judicata*, or claim preclusion, prevents a party, or one in privity with that party, from suing twice on the same claim or cause of action when a final judgment on the merits was entered in the first suit." *State v. Lewis*, 63 N.C. App. 98, 102, 303 S.E.2d 627, 630 (1983), *aff'd*, 311 N.C. 727, 319 S.E.2d 145 (1984). On the other hand, collateral estoppel, also known as issue preclusion, "prevents the relitigation of specific issues actually determined in a prior action between the same parties or their privies. The key question always concerns the issue(s) *actually litigated and decided* in the original action. Consequently, collateral estoppel may be raised in a subsequent action even though that action involved a claim for relief or cause of action different from the first." *Id.*

Plaintiff cites *County of Rutherford ex. rel. Hedrick v. Whitener*, 100 N.C. App. 70, 394 S.E.2d 263 (1990) in support of its position that the parties are not the same or in privity. In *Rutherford*, Rutherford County sought to establish the defendant as the natural father of the minor child of Ms. Pamela Hedrick, who had been receiving public assistance on behalf of the child from Rutherford County. The trial court found that the defendant had been prosecuted in an earlier proceeding by the State of North Carolina and found not to be the father of the minor child. The trial court further found that Rutherford County was in privity with the State of North Carolina, and that therefore, the doctrine of *res judicata* applied. On appeal, our Court first noted that "since a civil action filed by the County against the defendant is not an attempt to relitigate the same claim litigated in the previous action, this appeal presents a question of collateral estoppel, not *res judicata*." *Id.* at 74-75, 394 S.E.2d at 265. Our Court went on to state that the question in *Rutherford* was "whether the State of North Carolina, who prosecuted [a] criminal nonsupport action, and the County, who now seeks reimbursement in a civil action for public assistance paid, [were] in privity." *Id.* at 76, 394 S.E.2d at 266. Our Court held that although "the State and County were interested in proving the same state of facts[,] that the defendant was the child's father[,] . . . the County had no control over the previous criminal litigation, and nothing in the record indicates that the interest of the County was legally represented in the criminal trial." *Id.* Therefore, our Court reversed the trial court, holding that the trial court erred in concluding that the County was in privity with the State of North Carolina.

Our Court in *Rutherford* based its holding in part on *Settle v. Beasley*, 309 N.C. 616, 308 S.E.2d 288 (1983). In *Settle*, a paternity action was brought against the defendant by the minor child, through his guardian ad litem, seeking support from the defendant. It was disclosed at the summary judgment hearing that a prior action had been brought against the defendant in Johnston County in the name of the plaintiff's mother by the Child Support Enforcement Agency of Johnston County to establish paternity; in that prior action, the court concluded that the defendant was not the father of the minor child. At trial in *Settle*, the trial court granted defendant's motion for summary judgment, that the minor child in *Settle* was in privity with his mother, the plaintiff in the prior action. Our Court affirmed the trial court but the Supreme Court reversed the decision. The Supreme Court reasoned that "the issue [is] whether [the minor child] is in privity with the real party in interest in the prior action, Johnston County." *Id.* at 619, 308 S.E.2d at 290. The Court ultimately held that the minor child's interests, which were of a personal nature, were not represented in the prior action, the interests of the real party in interest, Johnston County, being solely economic.

*Rutherford* also cites *Tidwell v. Booker*, 290 N.C. 98, 225 S.E.2d 816 (1976), where the Court held there was no privity between the State, who instituted a criminal action for nonsupport against the defendant, and the mother of the minor child, who instituted a civil action for nonsupport later. The Court in *Tidwell* noted that "the plaintiff mother swore out the warrant which initiated the criminal prosecution against the defendant and, presumably, was a witness for the State at the trial of that action. She was not, however, in control of the prosecution. The State was represented by its prosecuting attorney, not an attorney employed by the mother." *Id.* at 114, 225 S.E.2d at 826.

We do not believe *Rutherford* is applicable on the facts of the instant case. As in *Rutherford, Settle,* and *Tidwell,* the instant case turns on the question of whether the State is in privity with the real party in interest in the prior action, Forsyth County DSS. If so, the State is precluded from bringing this action based on *res judicata.* Our Supreme Court has said that "[t]he meaning of 'privity' for res judicata purposes may be elusive[.]" *Settle,* 309 N.C. at 620, 308 S.E.2d at 290. However, as to "privity," the Court has often stated that "[i]t denotes a mutual or successive relationship to the same rights of property[.]" *Id.* We observe that North Carolina General Statutes § 110-137 (1991) states in pertinent part that "[b]y accepting public

assistance for or on behalf of a dependent child or children, the recipient shall be deemed to have made an assignment to the State or to the county from which such assistance was received of the right to any child support owed for the child or children up to the amount of child support paid." *See also Jackson Co. ex. rel. Smoker v. Smoker,* 115 N.C. App. 400, 445 S.E.2d 408, *disc. review allowed,* 338 N.C. 517, 456 S.E.2d 811 (1994) (noting the IV-D child support enforcement program is administered by state agencies in some counties, and by county agencies in other counties) and *Carrington v. Townes,* 53 N.C. App. 649, 655, 281 S.E.2d 765, 769 (1981), *modified,* 306 N.C. 333, 293 S.E.2d 95 (1982) (where our Court noted, "[i]n the case before us, the State, through its subdivision (County), is the real party in interest in the civil paternity proceeding").

Accordingly, we believe on the facts of this case, the State and Forsyth County DSS share "a mutual or successive relationship to the same rights of property[,]" that being the reimbursement of public assistance funds expended for the prior maintenance of the minor child; therefore, we find the State *is* in privity with the party in interest in the prior action, Forsyth County DSS. *Compare State v. Lewis,* 311 N.C. 727, 319 S.E.2d 145 ) (where the parties to the prior criminal action were the same or were in privity with the parties to the civil action, collateral estoppel applied). Therefore, the State is precluded from bringing this action based on *res judicata.*

Plaintiff further argues that *res judicata* cannot be applied in the instant case because there has never been a final adjudication on the merits of the claims raised in the action by Forsyth County DSS, because a civil action to establish paternity can be brought at any time prior to a child's eighteenth birthday. We disagree. Even if we consider the dismissal by Forsyth County DSS in 1981 a voluntary dismissal, we find that it became a final adjudication when Forsyth County DSS failed to refile within one year. *See Robinson v. General Mills Restaurants,* 110 N.C. App. 633, 430 S.E.2d 696 (1993).

Affirmed.

Judge MARTIN, JOHN C. concurs.

Judge GREENE dissents.

STATE EX REL. TUCKER v. FRINZI

[119 N.C. App. 389 (1995)]

Judge GREENE dissenting:

Because I do not agree that the State and Forsyth County DSS are in privity, the principles of res judicata and collateral estoppel do not preclude the State from bringing this action. I would reverse the order of the trial court and remand for trial.

The first action to establish paternity and support was filed by the Forsyth County DSS. The second action to establish paternity and support was filed by the State of North Carolina. At the time the first action was filed, the mother lived in Forsyth County and that county's Child Support Enforcement Program was administered by the Forsyth County Board of Commissioners. At the time of the second action, the mother lived in Union County and that county's Child Support Enforcement Program was administered by the North Carolina Department of Human Resources. *See* N.C.G.S. § 110-141 (1991) (permitting operation by either the State or the County). Although the State and the County were interested in proving that the defendant was the child's father, the State had no control over the first action filed by the County, and nothing in this record indicates that the interest of the State was represented in the first action. *See County of Rutherford v. Whitener*, 100 N.C. App. 70, 76, 394 S.E.2d 263, 266 (1990) (no privity where County administered the Child Support Enforcement Program); *State v. Lewis*, 311 N.C. 727, 733-34, 319 S.E.2d 145, 149-50 (1984) (privity where State administered the Child Support Enforcement Program). Accordingly, the State was not in privity with the County, and the doctrines of res judicata and collateral estoppel do not bar the State's action. This is especially so in this case where the issues of paternity and support were never litigated in the first claim, and it cannot be argued that the State was adequately represented in the prior action. In this instance, to hold otherwise would violate the State's rights of fundamental fairness and due process.

I am aware that permitting two different Child Support Enforcement agencies, one administered by the State and one administered by a County, to file separate claims to establish paternity could lead to abuses. The mother could be encouraged to move from one jurisdiction to another for the sole purpose of vesting another agency with the right to file a new claim against the same defendant. The solution to that possibility is not, however, to deny parties the right to file good faith claims to establish paternity, which may serve the best interest of the child. Parties who abuse the process are subject to a claim for abuse of process, a tort long recognized by our courts. *E.g.*, *Melton v. Rickman*, 225 N.C. 700, 703, 36 S.E.2d. 276, 278 (1945).