SHARMA G'NELL DEVANE, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, AUDREY ROBINSON; DERRICK D'SELL DEVANE, A MINOR BY AND THROUGH HIS GUARDIAN AD LITEM, AUDREY ROBINSON; AND SANDRA DENISE DEVANE PLAINTIFFS-APPELLEES v. WILLIE WALFUS CHANCELLOR, DEFENDANT-APPELLANT

No. COA95-12

(Filed 7 November 1995)

## Judgments § 224 (NCI4th)— previous actions adjudicating paternity—plaintiffs not parties to previous actions—present action not barred

The mother of defendant's alleged children and the children were not collaterally estopped from bringing an action to establish defendant's paternity and to thereby gain child support where a previous criminal nonsupport action barred the State from prosecuting defendant; a prior civil adjudication barred only the Sampson County Child Support Enforcement Agency from proceeding against defendant; but plaintiffs were not in privy with the parties to the previous actions and therefore were not barred by them.

**Am Jur 2d, Judgments § 531.**

Appeal by defendant-appellant from order entered 14 September 1994 by Judge Marilyn R. Bissell in Mecklenburg County District Court. Heard in the Court of Appeals 4 October 1995.

*Timothy M. Stokes for plaintiff-appellees.*

*Gregory T. Griffin and Timothy H. Graham for defendant-appellant.*

DEVANE v. CHANCELLOR

[120 N.C. App. 636 (1995)]

WYNN, Judge.

In this action, plaintiffs, Sharma G'Nell Devane and Derrick D'Sell Devane, and their mother, Sandra Denise Devane, seek to establish defendant's paternity and thereby gain child support from him.

The defendant was previously tried, in 1979, on charges of criminal nonsupport of these same children, and was found not guilty. In a special verdict, the jury specifically found that the State of North Carolina had not proven beyond a reasonable doubt that the defendant was the father of these children. Following this proceeding, in 1986, the Sampson County Child Support Enforcement Agency instituted a civil action against the defendant seeking to establish paternity and gain child support. That action was dismissed with prejudice by the "IV-D Attorney."

Based on these prior adjudications, defendant moved to dismiss the instant action on the ground that the plaintiffs are collaterally estopped from asserting that defendant is the father of the children. The trial court held that neither the previous jury finding nor the dismissal of the civil action, bars the present claim for child support. We agree, and affirm the decision of the trial court.

We find the case of *County of Rutherford Ex Rel. Hedrick v. Whitener*, 100 N.C. App. 70, 394 S.E.2d 263 (1990) controlling. In *County of Rutherford*, this Court reiterated that to prevail on the affirmative defense of collateral estoppel based on a prior paternity proceeding: "(1) The issue of paternity must necessarily have been determined previously and (2) the parties to that prior action must be identical or privies to the parties in the instant case." *Id.* at 75, 394 S.E.2d at 265 quoting *State By and Through New Bern C.S.A. v. Lewis*, 311 N.C. 727, 731, 319 S.E.2d 145, 148 (1984).

In the instant case, the defendant met the first part of his proof by showing that the issue of paternity was necessarily determined in the prior actions. The special verdict form in the criminal proceeding and the Rule 41 dismissal with prejudice in the civil action were adjudications on the issue of paternity. The defendant, however, has failed to show that the plaintiffs in this action are privy to either the State of North Carolina or the Sampson County Child Support Enforcement Agency.

Thus, in light of *County of Rutherford*, we find that the prior criminal jury determination bars only the State of North Carolina from prosecuting the defendant for criminal nonsupport of these

same children. Likewise, the prior civil adjudication bars only the Sampson County Child Support Enforcement Agency and entities in privy with it from proceeding against the defendant. The plaintiffs in this action, however, are unaffected by these prior adjudications since they are not in privy with the parties to the previous actions. *See, State ex. rel. Tucker v. Frinze*, 119 N.C. App. 389, 458 S.E.2d 729 (1995). The decision of the trial court is,

Affirmed.

Judges JOHNSON and EAGLES concur.