STATE OF NORTH CAROLINA ex rel. LEA ANNA LEFEAVERS TUCKER v. CARL FRINZI

No. 306A95

(Filed 6 September 1996)

## Judgments § 237 (NCI4th)— paternity—reimbursement for public assistance—State and county DSS not in privity—res judicata and collateral estoppel inapplicable

Where the State brings an action seeking to establish paternity and recover public assistance paid on behalf of a State-

STATE EX REL. TUCKER v. FRINZI

[344 N.C. 411 (1996)]

administered child support enforcement program, the State is not in privity with a county-administered child support enforcement program. Therefore, the doctrines of *res judicata* and collateral estoppel do not bar the State's action to establish paternity, set child support, and recover past public assistance where a similar action against defendant by the Forsyth County DSS had been voluntarily dismissed with prejudice.

**Am Jur 2d, Judgments § 697.**

Justice WEBB dissenting.

Justice FRYE joins in this dissenting opinion.

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 119 N.C. App. 389, 458 S.E.2d 729 (1995), affirming an order by Bragg, J., entered 2 August 1994 in District Court, Union County. On 27 July 1995, the Supreme Court allowed discretionary review of an additional issue. Heard in the Supreme Court 14 December 1995.

*Michael F. Easley, Attorney General, by Elizabeth J. Weese, Assistant Attorney General, for plaintiff-appellant.*

*Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellee.*

PARKER, Justice.

Plaintiff State of North Carolina filed this action against defendant Carl Frinzi seeking to establish paternity, set child support, and recover reimbursement for public assistance paid to support the minor child. The trial court concluded that the action was barred by the doctrine of *res judicata*, and the Court of Appeals affirmed. For the reason discussed herein, we conclude that the doctrine of *res judicata* does not apply and reverse the decision of the Court of Appeals.

Lea Anna Lefeavers Tucker is the mother of the minor child, born 19 July 1976, who is the subject of this action. Unmarried at that time, Ms. Tucker applied for and received public assistance benefits in order to provide for the needs of the minor child. On or about 15 December 1978 Ms. Tucker and the Forsyth County Department of Social Services ("Forsyth County DSS") filed an action against defendant seeking to establish paternity, set child support, and

recover reimbursement for public assistance paid to support the minor child. On 29 February 1979 defendant filed an answer denying paternity, denying any obligation to support the minor child, and denying any obligation to make reimbursement for past public assistance. On 17 February 1981 the Forsyth County DSS voluntarily dismissed the action with prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(a).

Ms. Tucker resided in Union County in 1993. The Union County Child Support Enforcement Program was administered by the State of North Carolina at that time. On 7 October 1993 the State filed this action against defendant, seeking to establish paternity, set child support, and recover reimbursement for past public assistance paid to the minor child. Defendant asserted the defenses of *res judicata* and collateral estoppel. In an order entered 2 August 1994, the trial court determined that the State is in privity with Forsyth County, concluded that the doctrine of *res judicata* applied to bar the State's action, and dismissed the State's action with prejudice.

A divided panel of the Court of Appeals affirmed. *State ex rel. Tucker v. Frinzi*, 119 N.C. App. 389, 458 S.E.2d 729 (1995). The Court of Appeals held that the State is in privity with the Forsyth County DSS because

> the State and Forsyth County DSS share "a mutual or successive relationship to the same rights of property[,]" that being the reimbursement of public assistance funds expended for the prior maintenance of the minor child . . . .

*Id.* at 393, 458 S.E.2d at 731 (alteration in original). In his dissent Judge Greene concluded that the State is not in privity with the Forsyth County DSS because "the State had no control over the first action filed by the County, and nothing in this record indicates that the interest of the State was represented in the first action." *Id.* at 394, 458 S.E.2d at 732. We conclude that the State is not in privity with the Forsyth County DSS. For this reason we reverse the decision of the Court of Appeals and hold that the doctrine of *res judicata* does not bar the State's action against defendant.

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). For *res judicata* to apply, a party

must "show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both [the party asserting *res judicata* and the party against whom *res judicata* is asserted] were either parties or stand in privity with parties." *Id.* at 429, 349 S.E.2d at 557.

Under the doctrine of collateral estoppel, or issue preclusion, "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Id.* at 428, 349 S.E.2d at 557. A party asserting collateral estoppel is required to

> show that the earlier suit resulted in a final judgment on the merits, that the issue in question was identical to an issue actually litigated and necessary to the judgment, and that both [the party asserting collateral estoppel and the party against whom collateral estoppel is asserted] were either parties to the earlier suit or were in privity with parties.

*Id.* at 429, 349 S.E.2d at 557.

The State contends that the trial court erred in dismissing the State's action on the basis of *res judicata* because the State is not in privity with the Forsyth County DSS. We agree and conclude that where the State brings an action seeking to establish paternity and recover public assistance paid on behalf of a State-administered child support enforcement program, the State is not in privity with a county-administered child support enforcement program.

Ms. Tucker's acceptance of public assistance benefits on behalf of the minor child created a debt owing to the State in the amount of public assistance paid. N.C.G.S. § 110-135 (1995). By accepting public assistance on behalf of the minor child, Ms. Tucker is deemed to have assigned her right to receive any child support to the State or to any county from which such assistance was received. N.C.G.S. § 110-137 (1995). Defendant contends that privity is established because both the 1978 Forsyth County DSS action and the instant action depend upon Ms. Tucker's statutory assignment of her right to child support. Defendant also argues that privity is established because Ms. Tucker is entitled to a portion of any monies recovered from defendant for child support and all monies recovered from defendant for child support in excess of public assistance paid. *See* 42 U.S.C. § 657(b) (1994). We disagree.

In *Settle ex rel. Sullivan v. Beasley*, 309 N.C. 616, 308 S.E.2d 288 (1983), the prior action had been commenced against the defendant by the Child Support Enforcement Agency of Johnston County in the name of the mother of the child. *Id.* at 617, 308 S.E.2d at 289. The trial court in the prior action concluded that the defendant was not the father of the child. *Id.* The child subsequently brought an action against the defendant seeking support, and this Court concluded that the child was not estopped from relitigating the issue of paternity because the child was not in privity with Johnston County. *Id.* at 620-23, 308 S.E.2d at 290-92.

Even though the prior action had been brought in the name of the mother, this Court determined that Johnston County was the real party in interest in the prior action because the mother's acceptance of public assistance assigned her right to child support to Johnston County and because the County's action was for its own economic benefit. *Id.* at 618, 308 S.E.2d at 289. The Court concluded that the minor child was not in privity with Johnston County, emphasizing that the child's personal interests in the action were not adequately represented by the County in the prior action because the County's interests in that action had been solely economic. *Id.* at 620-21, 308 S.E.2d at 290-91.

In *Tidwell v. Booker*, 290 N.C. 98, 225 S.E.2d 816 (1976), this Court held that a prior criminal adjudication did not estop the defendant from denying paternity in a civil action brought by the mother for child support. *Id.* at 114, 225 S.E.2d at 826. The trial court in *Tidwell* concluded that the defendant's earlier conviction finally adjudicated the issue of paternity and denied the defendant the right to relitigate that issue. *Id.* at 103, 225 S.E.2d at 819. This Court reversed, holding that the defendant was not estopped to deny paternity of the minor child because the State was not in privity with the mother or the child. *Id.* at 113-14, 225 S.E.2d at 825-26. The Court noted that even though the mother initiated and presumably was a witness for the State in the trial of the earlier action, the mother did not control the State's prosecution of that action. *Id.* at 114, 225 S.E.2d at 826. Further, the State had been represented at the earlier action by its attorney, not an attorney employed by the mother. *Id.*

The Court of Appeals considered the relationship between the State and a county-administered child support enforcement program in *County of Rutherford ex rel. Hedrick v. Whitener*, 100 N.C. App. 70, 394 S.E.2d 263 (1990). In *Rutherford*, Rutherford County adminis-

tered its child support enforcement program and filed an action against the defendant seeking to recover public assistance paid on behalf of the defendant's child. *Id.* at 72, 394 S.E.2d at 264. In an earlier action the State prosecuted the defendant for criminal nonsupport, and the trial court in that action found as fact that the defendant was not the father of the minor child. *Id.* The trial court in *Rutherford* determined that Rutherford County was in privity with the State and was barred from relitigating the issue of paternity. *Id.* at 73, 394 S.E.2d at 264.

The Court of Appeals reversed, reasoning that while both the State and the County were interested in proving that the defendant was the child's father, Rutherford County had no control over the prior criminal action. Further, nothing in the record indicated that the interest of the County was legally represented in the earlier action. *Id.* at 76, 394 S.E.2d at 266. Accordingly, the court concluded that the State and Rutherford County were not in privity and that the doctrine of collateral estoppel did not bar the County's action. *Id.* at 76-77, 394 S.E.2d at 266.

The Court of Appeals distinguished our decision in *State ex rel. Lewis v. Lewis*, 311 N.C. 727, 319 S.E.2d 145 (1984). In *Lewis* the State, through its New Bern Child Support Agency, filed an action seeking indemnification for public assistance paid on behalf of the defendant's minor children. *Id.* at 728, 319 S.E.2d at 147. In an earlier criminal action prosecuted by the State, the defendant had been convicted of willful neglect and refusal to support his minor children. *Id.* at 727-28, 319 S.E.2d at 146. This Court concluded that collateral estoppel applied to bar the defendant from relitigating the issue of paternity because the State was the same party which challenged the defendant in the prior criminal action, "pursuing its same financial interest in securing support payments by a parent for his children in both actions." *Id.* at 733-34, 319 S.E.2d at 149-50.

In the instant case the State is not the same party which challenged defendant in the 1978 Forsyth County DSS action. For *res judicata* to apply, defendant must show that the State is in privity with the Forsyth County DSS.

As this Court has recognized, the meaning of "privity" for purposes of *res judicata* and collateral estoppel is somewhat elusive. *Settle v. Beasley*, 309 N.C. 616, 620, 308 S.E.2d 288, 290 (1983). Indeed, "[t]here is no definition of the word 'privity' which can be

applied in all cases." *Masters v. Dunstan*, 256 N.C. 520, 524, 124 S.E.2d 574, 577 (1962). The prevailing definition that has emerged from our cases is that "privity" for purposes of *res judicata* and collateral estoppel "denotes a mutual or successive relationship to the same rights of property." *Settle*, 309 N.C. at 620, 308 S.E.2d at 290[.]

*Hales v. N.C. Ins. Guar. Ass'n*, 337 N.C. 329, 333-34, 445 S.E.2d 590, 594 (1994). In general, "privity involves a person so identified in interest with another that he represents the same legal right." 47 Am. Jur. 2d *Judgments* § 663 (1995); *accord Masters*, 256 N.C. at 525-26, 124 S.E.2d at 577-78; *Rutherford*, 100 N.C. App. at 76, 394 S.E.2d 266. "Privity is not established, however, from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts, or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action." 47 Am. Jur. 2d *Judgments* § 663; *accord Masters*, 256 N.C. at 525, 124 S.E.2d at 577; *Rutherford*, 100 N.C. App. at 76, 394 S.E.2d at 266.

In their respective actions the Forsyth County DSS and the State sought to prove that defendant is the father of the minor child and to recover past public assistance paid to support the minor child. However, the State had no control over the first action, and nothing in the record indicates that the interest of the State was represented in the first action. *See Tidwell*, 290 N.C. at 114, 225 S.E.2d at 826; *Rutherford*, 100 N.C. App. at 76, 394 S.E.2d 266. For this reason the State was not in privity with the Forsyth County DSS, and the doctrines of *res judicata* and collateral estoppel do not bar the State's action in the instant case.

We conclude that where the State brings an action seeking to establish paternity and recover public assistance paid on behalf of a State-administered child support enforcement program, the State is not in privity with a county-administered child support enforcement program. For this reason we hold that the doctrines of *res judicata* and collateral estoppel do not preclude the State's action against defendant.

The State also contends that the trial court erred in determining that the doctrine of *res judicata* precluded the State's action because the voluntary dismissal with prejudice in the 1978 action did not constitute a final judgment on the merits of the claim. Having concluded that the State is not in privity with the Forsyth County DSS, we do not

need to address this issue. We conclude that discretionary review was improvidently allowed.

Accordingly, the decision of the Court of Appeals affirming the order of the trial court is reversed, and this case is remanded to the Court of Appeals for further remand to the District Court, Union County, for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.

Justice WEBB dissenting.

I dissent. This cause was brought under Article 3 of Chapter 49 of the General Statutes, which provides for actions to establish paternity. The persons or entities who may bring the action are the mother, father, child, personal representative of the mother or child, or the director of social services or such person who by law performs the duties of such official if the child or mother is likely to become a public charge. N.C.G.S. § 49-16 (1984).

The first action was brought by the Forsyth County Department of Social Services. This second action was brought by the State of North Carolina, which was the entity performing the duties of the director of social services for Union County. The plaintiff in the first case was authorized to bring the action by the statute. The authority of the plaintiff in this second case to bring the action is based on the same provision of the statute, that is he must be the director of social services or someone performing his duties. The plaintiffs in both cases are virtually identical.

I do not believe the General Assembly intended that a person can lose an action to establish paternity in one county and go to another county and bring the same action. That is what we hold in this case. I would hold that the plaintiff in this case is in privity with the plaintiff in the Forsyth County case and the case is *res judicata*.

I vote to affirm.

Justice Frye joins in this dissenting opinion.