Sutton v. Sutton, 2011 NCBC 43.

STATE OF NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                                            SUPERIOR COURT DIVISION
COUNTY OF ONSLOW                                      10 CVS 3961


JANE N. SUTTON, Shareholder of Sutton's     )
Tree Service, Inc.,                                          )
                                    Plaintiff               )            **OPINION AND**
                                                              )       **ORDER ON MOTION**
                        v.                                    )          **TO DISMISS AND**
                                                              )      **MOTION FOR COSTS**
CARL L. SUTTON, JR.,                               )
                                    Defendant          )


        THIS CAUSE, designated a complex business case by Order of the Chief Justice

of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b)

(hereafter, all references to the General Statutes will be to "G.S."), and assigned to the

undersigned Chief Special Superior Court Judge for Complex Business Cases, now

comes before the court upon Defendant's Motion to Dismiss and Motion for Judgment

on the Pleadings (the "Motion"), pursuant to Rule 12 of the North Carolina Rules of Civil

Procedure ("Rule(s)") and Defendant's Motion for Costs ("Motion for Costs") pursuant to

G.S. 55-7-46 (both the Motion and the Motion for Costs may be referred to collectively

as the "Motions"); and

        THE COURT, after considering the Motions and the arguments in support of and

in opposition to the Motions, CONCLUDES that the Motions should be GRANTED, as

reflected herein.

        *Collins & Maready, P.A., by George L. Collins, Esq. for Plaintiff.*

        *Ward & Smith, P.A., by Alexander C. Dale, Esq. and Allen N. Trask, III, Esq. for
        Defendant.*

Jolly, Judge.

## PROCEDURAL BACKGROUND

[1]     On October 14, 2010, Plaintiff Jane N. Sutton filed suit against Defendant Carl L. Sutton, Jr.  Plaintiff derivatively alleges damages for conversion, breach of fiduciary duties and improper filing of income tax returns on behalf of Sutton's Tree Service, Inc. (the "Corporation"), of which the Complaint alleges she was a shareholder.

[2]     On January 14, 2011, Defendant filed the Motion and a brief in support of the Motion.  The Motion seeks dismissal of the Plaintiff's action pursuant to Rules 12(b)(1), 12(b)(6), 12(b)(7) and 12(c), on the grounds that Plaintiff lacks standing, has improperly brought a derivative action by failing to satisfy statutory demand requirements and her claims are barred by res judicata and collateral estoppel.

[3]     On June 8, 2011, Defendant filed the Motion for Costs and brief in support of the Motion for Costs, pursuant to G.S. 55-7-46.

[4]     The Motions are ripe for determination.

## FACTUAL BACKGROUND

In substance, the Complaint alleges:

[5]     The Corporation was founded by Defendant, with Defendant being the sole shareholder, on June 27, 1989.[1]

[6]     Plaintiff and Defendant were married on August 5, 1991, and separated on January 3, 2007.[2]

[7]     On March 1, 1992, Plaintiff acquired 500 shares of stock in the Corporation.[3]

---

[1] Compl. ¶ 4.
[2] Def. Mem. Supp. Mot. Dismiss Mot. J. Pleadings ("Memo") 2.

[8]     As part of the settlement of a domestic matter between the Plaintiff and Defendant, the parties entered into a Consent Judgment (the "Consent Judgment") whereby Plaintiff was to surrender to Defendant any interest she had in the Corporation.[4]

DISCUSSION

Motion to Dismiss – Rule 12(b)(1)

Standing

[9]     A motion pursuant to Rule 12(b)(1) seeks dismissal of an action on the basis of a lack of subject matter jurisdiction.  Subject matter jurisdiction, which enables a court to hear a case, is a prerequisite for a court to exercise judicial authority over a case and controversy.  *Harris v. Pembaur*, 84 N.C. App. 666, 667 (1987).

[10]     A court lacks subject matter jurisdiction if the party before the court does not have standing to pursue the cause of action.  *Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177 (2005).  In order to have standing to commence and maintain a derivative action on behalf of a corporate entity, an individual must meet the requirements of G.S. 55-7-41, which provides that a shareholder must own shares of the entity at the time of injury and "fairly and adequately represent[] the interests of the corporation in enforcing the right of the corporation."  Further, G.S. 55-7-42 requires that before a shareholder can commence a derivative action, the shareholder must wait ninety (90) days after the making of a written demand upon the corporation to take action.

---

[3] Compl. ¶ 5.
[4] Memo 2-3.

[11]     A dispute regarding ownership of the Corporation as between Plaintiff and Defendant previously was litigated in a domestic proceeding entitled *Sutton v. Sutton*, Onslow County No. 07 CVD 1225 (N.C. Dist. Ct.).  In that matter, the parties entered into the Consent Judgment, under which Plaintiff surrendered to Defendant any and all interest she had in the Corporation.[5]

[12]     The doctrines of res judicata and collateral estoppel serve to prevent issues from being relitigated and to maintain consistency in the courts.  *State, ex rel. Tucker  v. Frinzi*, 344 N.C. 411, 414 (1996).  If an issue previously has been decided by a final judgment, the parties to that judgment are prevented from litigating the issue in another proceeding.  *Id*.  In the instant action, res judicata and collateral estoppel prevent the parties from relitigating in this civil action issues regarding ownership of the Corporation.

[13]     The Consent Judgment constitutes a valid, final judgment determining the respective rights of Plaintiff and Defendant regarding ownership of the Corporation.  Accordingly, at the time of filing of this civil action, Plaintiff was not, and currently is not, a shareholder of the Corporation.  Since Plaintiff is not a shareholder, Plaintiff cannot represent the shareholders of the Corporation, and she fails to meet the requirements to bring the derivative actions alleged in this civil action.  Consequently, Plaintiff has no standing to bring this civil action.  The court therefore has no subject matter jurisdiction to hear this civil action.  Defendant's Motion pursuant to Rule 12(b)(1) should be GRANTED, and this action should be DISMISSED.

[14]     The court's determination that subject matter jurisdiction over this civil action does not exist is dispositive of this action.  Accordingly, it is neither necessary nor

---

[5] *Id.*

proper for the court to consider Defendant's other contended Rule 12 grounds supporting his Motion.

### Motion for Costs

[15]    In his Motion for Costs, Defendant seeks the taxing against Plaintiff of reasonable costs incurred in this matter, including attorneys' fees and expenses. Such an award is statutorily authorized by G.S. 55-7-46(2) upon a determination that a plaintiff filed a derivative action without reasonable cause or for an improper purpose; and by G.S. 55-7-46(3) upon a determination that a pleading filed in a derivative action was not well-grounded in fact, not warranted by existing law or a good faith argument for extending, modifying, or reversing existing law,[6] and that it was filed for an improper purpose. The award of such expenses and attorneys' fees is within the court's discretion. *Aubin v. Susi*, 149 N.C. App. 320, 326 (2002).

[16]    Defendant's counsel filed an Affidavit of Attorneys' Fees and Expenses on June 8, 2011 (the "Fee Affidavit"), which reflects that Defendant has incurred fees for legal services, plus expenses, in the amount of $22,751.08. Plaintiff did not file a response to Defendant's Motion for Costs. Pursuant to BCR 15.11, the Motion for Costs will be considered and decided as an uncontested motion.

[17]    Defendant contends reasonable costs and attorneys' fees and expenses are justified because Plaintiff's Complaint lacks reasonable cause and was filed for an improper purpose – a "personal vendetta against her ex-husband."[7]

[18]    Plaintiff's Complaint, on its face, is seriously deficient and subject to dismissal on several grounds. As a threshold matter, and as determined above, Plaintiff

---

[6] Def. Mem. Supp. Mot. Costs 2-5.
[7] *Id.* 10.

clearly lacked standing to file this civil action.  Therefore, the court FINDS and CONCLUDES that Plaintiff commenced and maintained this action without reasonable cause.[8]  Therefore, the court further CONCLUDES, in the exercise of its discretion, that Defendant is entitled to an award of reasonable costs, including attorneys' fees and expenses, incurred in defense of this matter, pursuant to the provisions of G.S. 55-7-46(2).  Defendant's Motion for Costs should be GRANTED.

[19]    The court has examined the Fee Affidavit propounded by Defendant.  It FINDS that the fees and expenses reflected in the Fee Affidavit are fair, reasonable and based upon usual and ordinarily prevailing rates for attorneys and staff of similar experience and expertise; and that said fees and expenses were necessarily incurred by Defendant in the defense of this action.

[20]    Accordingly, the court CONCLUDES, in the further exercise of its discretion, that in addition to taxable costs, Defendant is entitled to recover from Plaintiff in the additional amount of $22,751.08 for attorneys' fees and expenses incurred in defense of this matter.

NOW THEREFORE, based upon the foregoing FINDINGS and CONCLUSIONS, it is ORDERED that:

[21]    Defendant Carl Sutton's Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED, and this civil action is DISMISSED.

---

[8] Plaintiff has not contested Defendant's allegation that this action was commenced as a personal vendetta by Plaintiff against her ex-husband, which would amount to an "improper purpose" under G.S. 55-4-46(2). However, in view of the court's finding in paragraph 18 above, a finding of improper purpose is not necessary to an award of costs and attorneys fees.  Accordingly, the court makes no findings with regard to this contention.

[22]    Defendant Carl Sutton's Motion for Costs is GRANTED, and the taxable costs of this civil action, plus attorneys' fees and expenses incurred by Defendant in defense of this matter in the amount of $22,751.08, shall be TAXED to Plaintiff.

SO ORDERED, this the 28th day of November, 2011.