IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-287

No. COA21-254

Filed 3 May 2022

Mecklenburg County, No. 20CVS5841

JOHN DOE 1K, Plaintiff,

v.

ROMAN CATHOLIC DIOCESE OF CHARLOTTE A/K/A ROMAN CATHOLIC
DIOCESE OF CHARLOTTE, NC, Defendant.

Appeal by Plaintiff-Appellant from order entered 22 January 2021 by Judge
Carla N. Archie in Mecklenburg County Superior Court. Heard in the Court of
Appeals 14 December 2021.

*Tin, Fulton, Owen, & Walker, by Sam McGee, for Plaintiff-Appellant*

*Troutman Pepper Hamilton Sanders, LLP, by Joshua D. Davey, for Defendant-Appellee*

CARPENTER, Judge.

## I. Factual & Procedural Background

¶ 1      Plaintiff-Appellant John Doe 1K ("Plaintiff"), commenced this action against
Defendant-Appellee, Roman Catholic Diocese of Charlotte ("Defendant" or "Diocese"),
by filing a complaint and issuance of a summons on 28 September 2011 ("the 2011
Complaint"). Plaintiff sued Defendant in Mecklenburg County Superior Court for
claims related to alleged sexual abuse committed by a now-deceased priest of the
Diocese. The abuse was alleged to have occurred from 1977 to 1978, when Plaintiff

was a teenager. In the 2011 Complaint, Plaintiff brought claims against Defendant for (1) constructive fraud, (2) breach of fiduciary duty, (3) fraud and fraudulent concealment, (4) negligent supervision and retention, (5) civil conspiracy, (6) negligent infliction of emotional distress, (7) intentional infliction of emotional distress as an alternative claim for relief, and (8) equitable estoppel. In 2014, the Mecklenburg County Superior Court granted summary judgment to Defendant on all of Plaintiff's claims, dismissing the claims with prejudice. This Court affirmed the trial court's grant on appeal, further explaining Plaintiff "abandoned" his negligent supervision and retention, civil conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress claims. *Doe1K v. Roman Catholic Diocese of Charlotte*, 242 N.C. App. 538, 775 S.E.2d 918 n.2 (2015).

¶ 2    On 31 October 2019, the North Carolina General Assembly passed the SAFE Child Act, ("S.B. 199") intended to revive claims of childhood sex abuse previously time-barred. *See* SAFE Child Act, N.C. Session Law 2019-245, S.B. 199 (2019); *see also* N.C. Gen. Stat. § 1-17(e) (2019), N.C. Gen. Stat. § 1-52(19) (2019) N.C. Gen. Stat. § 1-56(b) (2019).

¶ 3    On 13 April 2020, Plaintiff filed similar claims against Defendant in a new complaint ("the 2020 Complaint"). The 2020 Complaint asserted claims of (1) assault and battery, (2) intentional infliction of emotional distress, (3) negligence, (4) negligent infliction of emotional distress, (5) breach of fiduciary duty, (6) constructive

fraud, and (7) misrepresentation and fraud. On 1 June 2020, Defendant moved to dismiss all of Plaintiff's claims. Plaintiff opposed Defendant's motion to dismiss and moved the Superior Court to transfer the case to Wake County Superior Court for adjudication by a three-judge panel pursuant to N.C. Gen. Stat. § 1-267.1 and N.C. Rule of Civil Procedure 42(b)(4). Defendant opposed Plaintiff's motion to transfer. Judge Carla N. Archie heard oral arguments for the motion to dismiss on 24 September 2020. On 22 January 2021, Defendant's motion to dismiss was granted, and Plaintiff's motion to transfer was denied by order. Plaintiff filed notice of appeal on 15 February 2021.

## II. Jurisdiction

¶ 4 The trial court's order granting Defendant's motion to dismiss and denying Plaintiff's motion to transfer is a final judgment and appeal therefore lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b).

## III. Issues

¶ 5 The issues before this Court are whether (1) the trial court erred in granting Defendant's motion to dismiss, and (2) the trial court erred in denying Plaintiff's motion to transfer to a three-judge panel of the Wake County Superior Court.

## IV. Standard of Review

¶ 6 This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to

dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). This Court also reviews *de novo* any conclusions of law of the lower court. *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

## V. Analysis

A. S.B. 199

¶ 7     This case considers the application of S.B. 199. Several provisions of S.B. 199 are relevant here. Section 4.1 of S.B. 199 extends the statute of limitations to sue "for claims related to sexual abuse suffered while the plaintiff was under 18 years of age." S.B. 199, § 4.1, codified at N.C. Gen. Stat. § 1- 17(d). Under prior law, a plaintiff who suffered sexual abuse while under the age of 18 had to file his claims by the time he turned 21—that is, within three years of turning 18. N.C. Gen. Stat. §§ 1-52(19), 1- 17(a)(1) (2018). After the passage of S.B. 199, a plaintiff may now file his child sexual abuse claims until he turns 28 years old—that is, within 10 years of turning 18. S.B. 199 § 4.1, codified at N.C. Gen. Stat. § 1-17(d); *see also* S.B. 199 § 4.3, codified at N.C. Gen. Stat. § 1-56.

¶ 8     Further, Section 4.1 provides a plaintiff "may file a civil action within two years of the date of a criminal conviction for a related felony sexual offense against a defendant for claims related to sexual abuse suffered while the plaintiff was under 18 years of age." S.B. 199 § 4.1, codified at N.C. Gen. Stat. § 1-17(e). Section 4.2(a)

of S.B. 199 also amends the statute of repose applicable to child sexual abuse claims. S.B.199, § 4.2(a), codified at N.C. Gen. Stat. § 1-52. Before the passage of S.B.199, N.C. Gen. Stat. § 1-52(16) recognized a ten-year statute of repose on child-sexual-abuse claims, providing that "no cause of action [for personal injury] shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-52(16) (2018). Section 4.2(a) amends this statute of repose by expressly exempting claims related to child sexual abuse from its scope. S.B. 199 § 4.2(a).

¶ 9 Lastly, Section 4.2(b) of S.B. 199 purports to revive certain actions for child sexual abuse for a limited period. Specifically, Section 4.2(b) states, "[e]ffective from January 1, 2020, until December 31, 2021, this section revives any civil action for child sexual abuse otherwise time-barred under [N.C. Gen. Stat. §] 1-52 as it existed immediately before the enactment of this act." S.B.199, § 4.2(b). Finally, Section 9(c) of S.B. 199 provides that "Part IV of this act," which part includes Sections 4.1 and 4.2, "becomes effective December 1, 2019, and applies to civil actions commenced on or after that date."

B. Defendant's Motion to Dismiss

¶ 10 Plaintiff appeals the trial court's grant of Defendant's motion to dismiss. For the following reasons, we affirm the dismissal granted by the trial court.

¶ 11        S.B. 199 § 4.2(b) states, "[e]ffective from January 1, 2020, until December 31, 2021, this section revives any civil action for child sexual abuse otherwise time-barred under [N.C. Gen. Stat. §] 1-52 as it existed immediately before the enactment of this act." S.B.199, § 4.2(b) ("the Revival Provision"). Based on the plain language of the Revival Provision, S.B. 199 revives only civil actions for child sexual abuse otherwise time-barred and does not revive civil actions for child sexual abuse barred by disposition of a previous action. Without specific language from the Legislature to the contrary, this Court must observe the principles of the doctrine of *res judicata* as they apply to this case.

¶ 12        "Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. BioSignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citation omitted). "For *res judicata* to apply, a party must show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting *res judicata* and the party against whom *res judicata* is asserted were either parties or stand in privity with parties." *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 413-14, 474 S.E.2d 127, 128 (1996) (quotation omitted). Further, "[t]he doctrine prevents the relitigation of all matters . . . that were or should have been adjudicated in the prior action." *Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880 (quotation omitted).

¶ 13    Taking the elements of *res judicata* one by one, we hold *res judicata* bars Plaintiff's claims, and S.B. 199 as enacted does not serve to revive them.   For Plaintiff's claims to be precluded from relitigation by the doctrine of *res judicata*, there must have been (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties" in "the two suits."  To address the first element, there was a final judgment on the 2011 Complaint, as the trial court granted summary judgment and dismissed all Plaintiff's claims with prejudice; the trial court's dismissal was subsequently affirmed by this Court.  *Doe1K v. Roman Catholic Diocese of Charlotte*, 242 N.C. App. 538, 775 S.E.2d 918 n.2 (2015).

¶ 14    In addressing the second element, it is important to note Plaintiff's claims in the 2011 Complaint and the 2020 Complaint were not identical.  The question to be resolved then, is whether *res judicata* serves to bar all Plaintiff's claims, both new and old, from the Revival Provision.  All claims were premised on the same core factual allegations, barring claims brought in the 2020 Complaint identical to those brought in the 2011 Complaint.  To the extent new claims were asserted, *res judicata* bars the "assert[ion]" of "a new legal theory" that "should have been adjudicated in the prior action."  *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986).

> [S]ubsequent actions which attempt to proceed by asserting a new legal theory or by seeking a different remedy are prohibited under the principles of *res judicata*, because the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could properly have been litigated and determined in the former action or proceeding. A party is required to bring forth the whole case at one time and will not be permitted to split the claim or divide the grounds for recovery[.]

*ACC Constr. v. SunTrust Mortg., Inc.*, 239 N.C. App. 252, 262, 769 S.E.2d 200, 207-08 (2015) (internal citations and quotations omitted). Because it is clear any new claims brought in the 2020 Complaint could have been adjudicated in a prior action, having arisen from the same factual assertions, we hold *res judicata* applies to all claims brought in the 2020 Complaint.

¶ 15 To address the third element, there is no dispute as to the "identity of the parties." The parties are identical between this case and the prior lawsuit. We therefore hold Plaintiff's claims are wholly precluded from relitigation by the doctrine of *res judicata*.

¶ 16 Plaintiff's claims, had they not been dismissed with prejudice in 2014, would have fallen within the Revival Provision of S.B. 199. However, having been summarily dismissed, the final order of Mecklenburg County Superior Court precludes their revival in the absence of some other procedural tool, such as a grant from the trial court on a motion to set aside judgment pursuant to N.C. R. Civ. P.

Rule 60(b)(6), or a specific grant of revival from the Legislature. While such an outcome may not have been the intent of the Legislature in drafting the Revival Provision, this Court is bound by the plain language of S.B. 199. Therefore, we affirm the trial court's grant of Defendant's motion to dismiss.

¶ 17 Because we affirm the trial court's grant of Defendant's motion to dismiss, we do not reach the issue of whether the trial court erred in denying Plaintiff's motion to transfer the constitutional challenge raised by Defendant to a three-judge panel of Wake County Superior Court.

## VI. Conclusion

¶ 18 Based on the plain language of S.B. 199, we hold Plaintiff's claims are barred by final disposition of a Superior Court, and not time-barred. Therefore, Plaintiff's claims cannot be revived by S.B.199, § 4.2(b) alone. Accordingly, we affirm the trial court's grant of Defendant's motion to dismiss, and do not reach the issue of whether the trial court erred in denying Plaintiff's motion to transfer.

AFFIRMED.

Judges TYSON and GORE concur.